IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

Civil Action No. 25-cv-402 (AHA)

### EMERGENCY RENEWED MOTION TO ENFORCE TEMPORARY RESTRAINING ORDER

Plaintiffs respectfully renew their motion to enforce the temporary restraining order (ECF No. 29).[1] Plaintiffs do not make this request lightly. The Court has already granted the *AVAC* Plaintiffs' February 19, 2025 motion to enforce the TRO and ordered the parties to meet and confer and submit a joint status report on compliance on Wednesday, February 26. The Court has also indicated that it will rule promptly after the preliminary injunction hearing, which it is prepared to hold by March 4, 2025. But as a direct result of Defendants' persistent failure to abide by the Court's previous orders, the harms that Plaintiffs have been facing ever since the issuance of Executive Order 14,169 have only continued to escalate. Absent Defendants' immediate compliance, several Plaintiffs and their members now face the prospect of ceasing operations this week. Time truly is of the essence. Plaintiffs are thus left with no choice but to seek relief from the Court now.

On Thursday, February 20, Plaintiffs moved to enforce the TRO and asked the Court to order "the immediate payment of all funds owed and due to Plaintiffs and other USAID and State

---

[1] The parties have met and conferred pursuant to LCvR 7. Defendants oppose this motion.

Department implementing partners." Mot. to Enforce at 1 (ECF No. 29); *see* Proposed Order (ECF No. 29-9). On Friday, February 21, the Court denied Plaintiffs' motion "without prejudice as moot in light of the Court's order yesterday [Thursday, February 20] that Defendants are to 'immediately cease [the blanket suspension of funds] and to take all necessary steps to honor the terms of contracts, grants, cooperative agreements, loans, and other federal foreign assistance awards that were in existence as of January 19, 2025, including but not limited to disbursing all funds payable under those terms.'" Minute Order (Feb. 21, 2025).

All of the facts set forth in Plaintiffs' February 20 motion to enforce remain true today. Rather than comply with the TRO, Defendants chose to take a series of new actions—including severely limiting access to the Phoenix system, funneling all payment approvals through a single person, terminating hundreds of critical personnel, and suddenly imposing new processes and procedures concerning payment "integrity" and "policy"—that have had the predictable effect of all but halting the disbursement of foreign-assistance funds. *See* Mot. to Enforce at 6–11. Notwithstanding the TRO and the Court's subsequent orders on Thursday, Friday, and Saturday, Plaintiffs are still owed many millions of dollars on due and overdue invoices and reimbursement requests that were paused under the enjoined foreign-assistance funding freeze; they still lack access to Letter of Credit (LOC) facilities and other payment management systems for grants and assistance agreements; and their contracts and awards that were terminated pursuant to Executive Order 14,169 remain terminated today. *See id.* at 5–6.

As set forth in detail in the attached declarations, several Plaintiffs are facing new and mounting irreparable harms that threaten their very existence and which require emergency relief prior to the Court's hearing on the preliminary injunction motion. *See* Declaration of Eric Bjornlund; Declaration of Zan Northrip; Declaration of Phillip Green; Declaration of Elisabeth Sigler.

2

Plaintiffs therefore respectfully request that the Court order Defendants to immediately comply with the TRO and the Court's order February 20, 2025 order, including by undertaking the following actions, within 48 hours:

- Pay all invoices and Letter of Credit drawdown requests on contracts for work completed prior to the entry of the Court's TRO;

- Permit and promptly pay Letter of Credit drawdown requests and requests for reimbursements on grants and assistance agreements;

- Take no actions to impede the prompt payment of appropriated foreign-assistance funds; and

- Take all necessary actions to ensure the prompt payment of appropriated foreign-assistance funds going forward.

The attached proposed order sets out this requested relief.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and enter the attached proposed order.

Dated: February 24, 2025

Respectfully submitted,

*/s/ Stephen K. Wirth*
William C. Perdue (D.C. Bar 995365)*
Sally L. Pei (D.C. Bar 1030194)
Samuel M. Witten (D.C. Bar 378008)
Stephen K. Wirth (D.C. Bar 1034038)
Dana Kagan McGinley (D.C. Bar 1781561)
Allison Gardner (D.C. Bar 888303942)
Daniel Yablon (D.C. Bar 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
stephen.wirth@arnoldporter.com

*application for admission pending

*Counsel for Plaintiffs in Case No. 25-402*