IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to Local Civil Rule 65.1(d), Plaintiffs move for leave to supplement the record to include:

(1) A declaration from Nicholas Enrich, Acting Assistant Administrator for Global Health at the U.S. Agency for International Development (USAID), attaching two USAID memoranda (attached as **Exhibit 1** to this Motion); and

(2) Budget Data Request No. 25-08, issued by the Office of Management and Budget (OMB) (attached as **Exhibit 2** to this Motion).

This Court has the "discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). The exercise of that discretion is warranted here because, as the situation on the ground continues to evolve and Defendants' policies and practices continue to shift, important facts continue to surface. USAID and OMB are Defendants in this case. The attached documents were not available to Plaintiffs when they filed their reply brief (ECF No. 46), but they are directly relevant to Plaintiffs' claims.

**1.** Mr. Enrich's declaration and its exhibits contain information that is relevant to Plaintiffs' motion for a preliminary injunction (ECF No. 13) and to Defendants' continued noncompliance with the Court's February 13 TRO (ECF No. 21). *First*, the declaration and its exhibits demonstrate

1

that Defendants have misled this Court about the availability of waivers to permit lifesaving humanitarian assistance, upon which Defendants have repeatedly relied in opposing Plaintiffs' request for a preliminary injunction. *See, e.g.*, 2/18 Marocco Decl. ¶ 24 (ECF No. 25-1) ("Given these waivers, Plaintiffs' characterization of a 'blanket' pause is inaccurate."); Defs.' Opp. to PI Mot. at 19 (ECF No. 34) ("Plaintiffs' forecasts of harms to conditions overseas 'amount[] to nothing more than speculation about future events that may or may not occur,' especially given Defendants' waiver process for certain funds."); *id.* at 37 ("But it is factually incorrect to suggest that any suspension of funding was comprehensive or undifferentiated: Secretary Rubio approved waivers, including … a waiver on the pause for life-saving humanitarian assistance during the review …."); *see also* 2/25 Marocco Decl. ¶¶ 11–12. Mr. Enrich's declaration and its exhibits demonstrate that the waivers were not effective.

*Second*, the declaration and its exhibits further confirm that Defendants have taken no meaningful steps toward compliance with the Court's TRO and subsequent enforcement orders, and have instead continued the enjoined foreign-assistance funding pause in full force until at least February 27. The declaration and its exhibits also confirm that Defendants have actively taken steps that prevent compliance with the TRO and enforcement orders, including by issuing unclear and contradictory guidance, by imposing new labyrinthine procedures and processes to delay and prevent issuance of waivers and payments to implementing partners, and by dramatically cutting agency personnel.

*Third*, the declaration and its exhibits provide additional support for Plaintiffs' request for preliminary injunctive relief by demonstrating that Defendants' actions are arbitrary and capricious, and that the balance of the equities and the public interest weigh strongly in Plaintiffs' favor.

**2.** Budget Data Request No. 25-08 purports to "launch[] the next stage of the Administration's Foreign Assistance Review" "pursuant to Executive Order 14169." Ex. 2 at 2. This document bears on Plaintiffs' motion for a preliminary injunction in several respects. *First*, Budget Data Request No. 25-08 purports to implement Executive Order 14,169 by facilitating the review and termination of foreign-assistance funding under Sections 3(b) and 3(c) of the Executive Order:

> Based on the information collected through this BDR, the responsible Department and Agency heads, in consultation with the Director of OMB, will make recommendations **no later than April 20**, with concurrence of the Secretary of State. These recommendations will be presented to the President for final determinations.

*Id.* at 2. Budget Data Request No. 25-08 is therefore directly relevant to Plaintiffs' claims that Executive Order 14,169 is unconstitutional and that Defendants' (including OMB's) actions to implement the Executive Order are unconstitutional and violate the Administrative Procedure Act.

*Second*, Budget Data Request No. 25-08 provides further evidence that Defendants have acted, and are acting, arbitrarily and capriciously. From February 10 to 13, Defendants terminated hundreds of contracts pursuant to Executive Order 14,169. After the Court entered the TRO, Defendants then purported to "expeditiously examin[e] each USAID and State foreign assistance award on an individual basis and through a multi-step process," under which they terminated 90% of USAID awards and 60% of State awards. Joint Status Report at 16–17 (ECF No. 40). Now, after (according to Defendants' representation) "Secretary Rubio has [already] made a final decision with respect to each award, on an individualized basis, affirmatively electing to either retain the award or terminate it," *id.* at 16, OMB has issued Budget Data Request No. 25-08, which purports to request the data that Defendants deem necessary to undertake the review that Secretary Rubio purports to have already done. Put simply, Defendants have executed the terminations set

out in Section 3(c) of Executive Order 14,169 before even collecting the data they have deemed necessary to undertake the review process set out in Section 3(b).

*Third*, Budget Data Request No. 25-08 itself is evidence that any review and ultimate decision based on the data requested will be arbitrary and capricious and contrary to law. Much like the review process already undertaken by Secretary Rubio, *see* 2/25 Marocco Decl. ¶¶ 5–6 (ECF No. 39-1), the data to be collected by the agencies is so superficial and incomplete that it could not possibly result in reasoned decisionmaking. For instance, the Budget Data Request requests only a "[v]ery short (1-2 sentence) plain language summary of program" and a "[v]ery short (3-5 sentence) plain language justification of recommended determination." Ex. 2, Attach. A, at 1–2. Moreover, the data collection process requires implementing partners to affirm that their programs comply with other unlawful executive orders that other courts have enjoined. *Id.*, Attach. B., at 2–3; *see* Order, *Washington v. Trump*, No. 2:25-cv-244 (W.D. Wash. Feb. 28, 2025); *Nat'l Ass'n of Diversity Officers in Higher Education v. Trump*, 2025 WL 573764 (D. Md. Feb. 21, 2025). Accordingly, whatever determinations result from review of this data will necessarily be arbitrary and capricious and contrary to law.

**3.** Counsel for Plaintiffs has conferred with counsel for Defendants as required by Local Civil Rule 7(m). Defendants stated that "Defendants would not oppose a motion for leave to file on condition that Plaintiffs would not oppose a motion by Defendants for leave to file a response to the proposed new material." Plaintiffs would not oppose such a motion.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.

| | |
|---|---|
| Dated: March 3, 2025 | Respectfully submitted,<br><br>*/s/ Stephen K. Wirth*<br>William C. Perdue (D.C. Bar 995365)\*<br>Sally L. Pei (D.C. Bar 1030194)<br>Samuel M. Witten (D.C. Bar 378008)<br>Stephen K. Wirth (D.C. Bar 1034038)<br>Dana Kagan McGinley (D.C. Bar 1781561)<br>Allison Gardner (D.C. Bar 888303942)<br>Daniel Yablon (D.C. Bar 90022490)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Tel: (202) 942-5000<br>stephen.wirth@arnoldporter.com<br><br>\*application for admission pending<br><br>*Counsel for Plaintiffs* |