IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to Local Civil Rule 65.1(d), Plaintiffs move for leave to supplement the record to include a declaration by Vladimir Gurin, who is employed as Director of D.C. Finance for the American Bar Association (ABA). Mr. Gurin's declaration attaches ten award modifications issued by the Department of State to the ABA, which memorialize the termination of the underlying ABA award. The parties met and conferred pursuant to LCvR 7(m), and Defendants state that they would not oppose this motion on the condition that Plaintiffs would not oppose a motion by Defendants for leave to respond to any new matter introduced. Plaintiffs would not oppose such a motion.

This Court has the "discretion to allow parties to supplement the record of a case." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (citation omitted). The exercise of that discretion is warranted here because the attached documents are directly relevant to Plaintiffs' claims but were not available to Plaintiffs when they filed their reply brief on February 27, 2025 (ECF No. 46). These documents also bear directly on the question of Defendants' compliance with this Court's TRO and subsequent orders enforcing it.

*First*, the documents attached to Mr. Gurin's declaration—which are dated March 4, 5, or 6—confirm that Defendants are continuing to engage in mass terminations pursuant to Executive Order 14,169 and Secretary Rubio's January 24 ALDAC. Each notice states in Box 16: "This award has been terminated in alignment with an Executive Order or ALDAC." *See* Gurin Decl., Exs. 1–10. Likewise, three of the notices also state, "Terminated per EO," in box 18b. *See id.*, Exs., 1–3. These documents support Plaintiffs' contention that Defendants' mass termination of USAID and State contracts, grants, and other assistance agreements—which started before the TRO was entered and continues to this day—is a single program, process, policy, or practice undertaken by Defendants to implement the Executive Order and ALDAC. *See, e.g.*, 2/26 Joint Status Report at 7–10 (ECF No. 42).

*Second*, these documents also refute Defendants' contention that terminations issued after February 13 are based on legal authorities other than the Executive Order and ALDAC, and Defendants contention that they engaged in a meaningful, individualized review of each award.

*Third*, these documents also contain serious irregularities—which, beyond being probative of the arbitrary and capricious nature of Defendants' conduct, are highly concerning in their own right. The modification to the award must be agreed to both by the recipient (here, the ABA) and by the Grants Officer. Accordingly, Boxes 18a and 18b of the notice provide space for the name of the recipient (here the ABA, *see* Box 1), while Boxes 19a and 19b are for "Grants Officer Name" and "Grants Officer Signature." Signing and returning the document affects substantial legal rights. As the document itself states: "By signing this Federal award, the recipient acknowledges that it will comply with Federal regulations, the Terms and Conditions, and any Special Award Conditions associated with this award. Receipt of the recipient's signature and return of the Federal Award Coversheet is required within ten (10) business days of the Grants Officer's signature." *See* Gurin Decl., Exs. 1–10.

2

But here, each of the ten notices arrived with a signature by the Grants Officer in *both* Boxes 18b and 19b. *See id.* In other words, the Government purports to have accepted these award modifications on the ABA's behalf. On three of the documents, the signature in Box 18b states: "with consent of Grants Officer: Terminated per EO." Gurin Decl, Exs. 1–3. Others state: "with consent of Grants Officer." *Id.*, Exs. 4–5. Others state: "with consent of Per A/GA/FA [*i.e.*, the Office of Federal Assistance] Instruction." *Id.*, Exs. 6–7. Another states: "with consent of GO Termination Action." *Id.*, Ex. 8. And, perhaps most concerning, two documents assert that the signature in Box 18b was made "with consent of Vladimir Gurin," *id.*, Exs. 9–10—notwithstanding the fact that Mr. Gurin was never contacted by the Grants Officer and never consented to anyone signing on his behalf. Gurin Decl. ¶¶ 11–12. In none of these cases did the ABA receive the modification document, sign it, and return it to the Grants Officer or approve the awards through the MyGrants portal. *Id.*

These unauthorized recipient signatures are emblematic of Defendants' continued unlawful, arbitrary, and capricious implementation of the Executive Order and ALDAC. At a minimum, these documents confirm that Defendants have acted, and continue to act, far outside the bounds of their normal procedures and processes in order to facilitate mass termination of foreign assistance awards as fast as possible. And they are also evidence that Defendants continue to violate the TRO's prohibition against "enforcing or giving effect to" the ALDAC "and any other directives that implement" Executive Order 14,169, "including by … issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stop-work orders in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025." TRO at 14 (ECF No. 21).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.

Dated: March 8, 2025                    Respectfully submitted,

*/s/ Stephen K. Wirth*
William C. Perdue (D.C. Bar 995365)*
Sally L. Pei (D.C. Bar 1030194)
Samuel M. Witten (D.C. Bar 378008)
Stephen K. Wirth (D.C. Bar 1034038)
Dana Kagan McGinley (D.C. Bar 1781561)
Allison Gardner (D.C. Bar 888303942)
Daniel Yablon (D.C. Bar 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
stephen.wirth@arnoldporter.com

*application for admission pending

*Counsel for Plaintiffs*