IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**DEFENDANTS' STATUS REPORT UNDER MINUTE ORDER OF MARCH 28, 2025**

1. Defendants hereby respond to the inquiries in the Court's Minute Order of March 17, 2025, as made applicable through the Minute Order of March 24, 2025, and modified by the Minute Order of March 28, 2025.

2. As to processing of payments to foreign assistance funding recipients for work completed prior to February 13, 2025: As of yesterday, the total number of such payments by Defendants to Plaintiffs processed since March 26, 2025 was 43, and the total number of such payments by Defendants to non-Plaintiffs processed since March 26, 2025 was 2,601. In sum, Defendants have therefore processed 2,644 payments between March 27 and April 2, which

1

amounts to approximately 528 payments per business day, well above this Court's metric.

3. The total number of such payments which remain to be processed for Plaintiffs is 317, and the total number of such payments which remain to be processed for non-Plaintiffs is 5,745. There are therefore over 6,000 payments remaining to be processed.

4. Defendants note that they continue to receive new requests for payment for work completed prior to February 13, 2025. Accordingly, and in light of the other practical limitations described in Defendants' previous status reports, Defendants' proposed timeline for processing the remaining payments is as follows: Defendants expect to process the remaining payments to Plaintiffs by April 10, 2025, and the remaining payments by the last week of April 2025.

5. As to particular payments to Plaintiffs in No. 25-cv-400, JDN and AVAC, after correspondence with Plaintiffs through counsel, Defendants state as follows: Defendants are not aware of any dispute as to JDN, consistent with Plaintiffs' status report filed today (AVAC Doc. 74). Defendants are continuing to process documents concerning AVAC and will provide a further update in the next status report.

6. As to the provisions in this Court's Order of March 10, 2025 requiring that Defendants "shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024," Defendants note that via their pending appeals from the Order of March 10, 2025 (docketed in the D.C. Circuit as Nos. 25-5097 and 25-5098) Defendants will seek reversal of the preliminary injunction. Recognizing, however, that the preliminary injunction applies until or unless Defendants receive appellate relief from it, they further state as follows:

7. In addition to the individualized review of USAID and Department of State foreign assistance awards described in previous submissions, State has nearly completed a programmatic review of all foreign assistance programs to ensure those programs are aligned with the President's

foreign policy agenda. State currently expects to complete this review by April 19, 2025. AVAC Doc. 15-1, ¶¶ 3-4. Moreover, State and USAID on March 28, 2025 notified Congress of their intent to (1) undertake a reorganization that would involve realigning certain USAID functions to State by July 1, 2025, and (2) discontinue the remaining USAID functions that do not align with Administration priorities. To support that reorganization, State also informed Congress of its intent to restructure certain State bureaus and offices that would implement programs and functions realigned from USAID to ensure continuity of critical operations and that the United States continues to effectively administer life-saving and strategic aid across the globe.

8. The currently available foreign assistance funds Congress appropriated to USAID and State in the Further Consolidated Appropriations Act of 2024 that are subject to the Court's March 10 Order remain available to be obligated through at least until the end of the current fiscal year, which is September 30, 2025. *See, e.g.*, Pub. L. 118-47, 138 Stat. 460, 740 (March 23, 2024) (providing that certain funds "to enable the President to carry out the provisions of the Foreign Assistance Act of 1961, and for other purposes," for global health programs, are "to remain available until September 30, 2025"). As a matter of course in all federal agencies, appropriated funds are routinely obligated over the course of the fiscal year, as the year progresses. Based on USAID's and State's historical experience, it is common for funds to remain available to be obligated at this point in the fiscal year, *i.e.*, several months before the end of the period of availability set by Congress in an appropriations statute. Furthermore, there remains, and will remain for several additional months, time sufficient for USAID and State to obligate any presently unobligated funds, or take other appropriate action consistent with applicable law with respect to those funds, before the end of the current fiscal year.

9. In consultation with the Office of Management and Budget, and in light of the ongoing programmatic review and the planned reorganization outlined in the notification to

3

Congress, USAID and State continue to evaluate the appropriate next steps to address the provision in this Court's March 10, 2025, order regarding obligation of funds. Once the ongoing review described above is completed, the agencies will be better positioned to make additional decisions regarding the appropriate dispositions of the foreign aid funds.

      10.    Defendants' evaluation of the appropriate next steps within the time available under the Further Consolidated Appropriations Act of 2024 does not implicate the Impoundment Control Act. Congress expressly directed the Executive to apportion, or reapportion, appropriated funds to determine when to make them available to agencies to carry out federal law. 31 U.S.C. § 1512. And, for its part, the Government Accountability Office has endorsed an agency "taking the steps it reasonably believes are necessary to implement a program efficiently and equitably, even if the result is that funds temporarily go unobligated." *In re James R. Jones, House of Representatives*, B-203057 L/M, 1981 WL 23385 (Comp. Gen. Sept. 15, 1981).

\*     \*     \*

Dated: April 3, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
CHRISTOPHER D. EDELMAN
Senior Counsels
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*

5