UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

**Order**

Defendants have filed a motion for this Court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1, regarding the Court's preliminary injunction ruling that is currently being reviewed on appeal. For the reasons below, the Court denies the motion.

Plaintiffs filed these actions seeking to enjoin Defendants' suspension of congressionally appropriated foreign aid. On March 10, 2025, this Court issued an opinion and order granting in part and denying in part Plaintiffs' motions for a preliminary injunction. The Court held Plaintiffs would likely succeed in showing they have valid claims under the Administrative Procedure Act ("APA"), and in showing that Defendants' initial blanket directives to suspend aid were arbitrary

and capricious. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, __ F. Supp. 3d __, __, No. 25-cv-00400, 2025 WL 752378, at *7–11 (D.D.C. Mar. 10, 2025), *appeal docketed*, No. 25-5097 (D.C. Cir. Apr. 2, 2025). In accordance with the Supreme Court's order denying an earlier appeal by Defendants in this case, this Court crafted preliminary injunctive relief "with due regard for the feasibility of any compliance timelines," setting a benchmark for compliance based on submissions by both parties. *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 604 U.S. __, __, 145 S. Ct. 753, 753 (2025); *see AIDS Vaccine*, __ F. Supp. 3d at __, 2025 WL 752378, at *22. No party sought a stay of the injunction pending appeal or objected to the Court's benchmark; Defendants filed a notice of appeal approximately three weeks after the Court's injunction. *Glob. Health*, ECF No. 65.[1]

In the weeks following the Court's preliminary injunction, Defendants filed status reports on the progress of their compliance with the Court's APA relief as it relates to Plaintiffs and non-Plaintiffs. As to non-Plaintiffs, Defendants projected that they would come into full compliance by April 29, 2025. *Glob. Health*, ECF No. 63 ¶ 4. On April 11, 2025, Defendants filed this motion for an indicative ruling, asserting that their jurisdictional arguments in opposition to the preliminary injunction had received new support from the Supreme Court's decision to grant a stay pending appeal in *Department of Education v. California*, 604 U.S. __, 145 S. Ct. 966 (2025). *Glob. Health*, ECF No. 70 at 4 (arguing that the order in *Department of Education* "newly clarifies the law" and "endorsed the reading of the APA's waiver of sovereign immunity that Defendants pressed here in opposition to the preliminary injunction"). Defendants ask this Court to "dissolve the provision of the preliminary injunction" providing relief to non-Plaintiffs under the APA. *Id.*

---

[1]  The Court also held Plaintiffs would likely succeed on their claims that Defendants violated the separation of powers by unilaterally rescinding or deferring congressionally appropriated funds and ordered corresponding relief. *AIDS Vaccine*, __ F. Supp. 3d at __, 2025 WL 752378, at *13–18, *23. That holding and relief is not at issue in the present motion.

at 1. Plaintiffs agreed to a partial administrative stay pending the Court's consideration of Defendants' motion, which required Defendants to continue compliance with the Court's benchmark as to Plaintiffs but paused compliance as to non-Plaintiffs. *Id.* at 2. The Court granted the partial administrative stay to consider the motion for an indicative ruling, and now denies that motion for several reasons. *See* Min. Order (Apr. 11, 2025).

At the outset, the Court finds that issuing an indicative ruling would not be a sound exercise of its discretion. When a party files a motion for relief that a district court lacks authority to grant because of a pending appeal, Rule 62.1 provides a mechanism for the district court to defer consideration of the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The rule exists to "promote judicial efficiency and fairness"—for example, where an indicative ruling would obviate the need for the appeal. *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2911 (3d ed.) (motion for indicative ruling "may be denied if the ruling would not be helpful to the appellate court"). Here, there is no reason to believe that an indicative ruling related to the preliminary injunction would assist the court of appeals in resolving Defendants' appeal or would otherwise promote judicial efficiency or fairness. Defendants have noticed an appeal of the Court's preliminary injunction, and if they wish to argue that *Department of Education* or other subsequent precedent supports their argument on appeal, that is the place to do so. Review of the preliminary injunction is "the very issue on appeal" and, as such, an indicative ruling from this Court on the topic "would not promote judicial efficiency or fairness." *Amarin*, 139 F. Supp. 3d at 447 (citation omitted); *see also, e.g., Litovich v. Bank of Am. Corp.*, No. 20-cv-3154, 2022 WL 16856436, at *2 (S.D.N.Y. Nov. 10, 2022) (declining to

3

issue indicative ruling because district court was "no more suited to adjudicate the issues on appeal than the [court of appeals], and it need not exercise its discretion to give Plaintiffs another bite at the apple"); *Scriber v. Ford Motor Co.*, No. 22-cv-1716, 2024 WL 2830499, at *3 (S.D. Cal. June 4, 2024) (explaining that it "hardly seems consistent with the purpose of Rule 62.1" for district court "to inform the [court of appeals] that it believes its own ruling is incorrect and subject to reversal" and noting that indicative ruling "would not meaningfully further the appeal or obviate its necessity").

Even if this Court found a sound basis to exercise discretion under Rule 62.1, Defendants have not made the showing necessary to warrant partial dissolution of the preliminary injunction. "A party seeking to dissolve an injunction has the burden of showing 'a significant change either in factual conditions or in law' such that continued enforcement of the injunction would be 'detrimental to the public interest.'" *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)); *accord, e.g.*, *Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 366 (D.C. Cir. 2017). Defendants have shown neither a significant change in factual conditions or law nor that continued enforcement of the injunction would be detrimental to the public interest.[2]

In concluding that Plaintiffs would likely succeed in showing they have valid APA claims to set aside the agency directives at issue in this case, this Court observed that the APA claims "do not resemble a 'money damages' claim, for breach of contract or otherwise." *AIDS Vaccine*, __ F. Supp. 3d at __, 2025 WL 752378, at *8 (discussing *Bowen v. Massachusetts*, 487 U.S. 879 (1988),

---

[2] Rule 62.1, by its terms, allows the Court to issue an indicative ruling concerning "a timely motion [that] is made for relief." Fed. R. Civ. P. 62.1(a). Defendants do not have any timely motion pending in this Court. Plaintiffs have argued that the appropriate substantive standard is that for a motion to partially dissolve a preliminary injunction, and Defendants have not argued otherwise. *Glob. Health*, ECF No. 77 at 5 n.2. The Court accordingly assumes that standard would apply here.

4

and *Maryland Department of Human Resources v. Department of Health & Human Services*, 763 F.2d 1441 (D.C. Cir. 1985)). The Court explained: "Plaintiffs are not seeking compensation for their losses due to the failure to pay them, which, as in any contract case, could be far greater than the amount withheld pursuant to the agency policy; Plaintiffs seek only invalidation of the policy, including the withholding of payment that flowed from it." *Id.* And the Court noted that "it would be quite extraordinary to consider Plaintiffs' claims to sound in breach of contract when they do not at all depend on whether the terms of particular awards were breached—they instead challenge whether the agency action here was unlawful, irrespective of any breach." *Id.* at *9.

Defendants' contention that this reasoning has been upended by *Department of Education* is unpersuasive. In that case, the plaintiffs alleged that the Department of Education had arbitrarily terminated certain grants in violation of the APA. *California v. U.S. Dep't of Educ.*, __ F. Supp. 3d __, __, No. 25-cv-10548, 2025 WL 760825, at *1 (D. Mass. Mar. 10, 2025). They sought "equitable relief in the form of reinstatement of the . . . grants." *Id.* The district court granted a temporary restraining order, enjoining the government from giving effect to any terminations of grants and ordering it to "immediately restore [the plaintiffs] to the pre-existing status quo prior to the termination." *Id.* at *5. The First Circuit denied the government's motion for a stay pending appeal, acknowledging that "the terms and conditions of each individual grant award are at issue" but concluding that the plaintiffs' claims were "at their core, assertions that the Department acted in violation of federal law—not its contracts." *California v. U.S. Dep't of Educ.*, 132 F.4th 92, 96–97 (1st Cir. 2025). In granting a stay pending appeal, the Supreme Court described the district court's order as having enjoined the government from terminating various education-related grants and having required the government to pay grant obligations. *Dep't of Educ.*, 604 U.S. at __, 145 S. Ct. at 968. The Court concluded that "the Government is likely to succeed in showing the

5

District Court lacked jurisdiction to order the payment of money under the APA" because "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered here." *Id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

In doing so, the Supreme Court explicitly distinguished between cases where "an order setting aside an agency's action may result in the disbursement of funds" and cases, like *Department of Education*, in which the plaintiffs seek to "enforce a contractual obligation to pay money." *Id.* (quoting *Great-West*, 534 U.S. at 212). And the Court accordingly reaffirmed the precedents that this Court relied upon in its preliminary injunction ruling. *Id.* (citing *Bowen*, 487 U.S. at 910); *see also, e.g.*, *Rhode Island v. Trump*, __ F. Supp. 3d __, __, No. 25-cv-128, 2025 WL 1303868, at *6 (D.R.I. May 6, 2025) (explaining that the *Department of Education* stay order "does not displace governing law that guides the Court's approach to discerning whether the States' claims are essentially contract claims in order to direct jurisdiction to the Court of Claims"); *Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs.*, No. 25-cv-02847, 2025 WL 1168898, at *3 (N.D. Cal. Apr. 21, 2025) ("[T]he Government fails to identify anything different about the law following the Supreme Court's order, much less a significant change sufficient to warrant dissolution of earlier-granted injunctive relief.").

Unlike this case, the APA claim in *Department of Education* was premised on the terms of individual grants. *See Dep't of Educ.*, 132 F.4th at 96–97 (noting that "the terms and conditions of each individual grant award are at issue"). And the government repeatedly urged this distinction in its briefing before the Supreme Court. *See, e.g.*, Application to Vacate at 14, *Dep't of Educ.*, 604 U.S. __, 145 S. Ct. 966 (No. 24A910), 2025 WL 945313 ("Respondents allege that the government terminated the grants and withheld funds improperly and in violation of the grant

6

instruments' terms and conditions. They would have no claim at all without having alleged a breach of the grant agreements by the government." (internal citation omitted)); *id.* at 16 (distinguishing another district court decision as involving "a challenge to a single agency policy, rather than individual funding terminations"); Reply in Support of Application to Vacate at 7, *Dep't of Educ.*, 604 U.S. __, 145 S. Ct. 966 (No. 24A910), 2025 WL 984365 ("The whole premise of [the respondents'] suit is that the grants were wrongfully terminated.").

That cannot be said here. As the Court has repeatedly stressed, the agency actions enjoined here are Defendants' blanket directives to suspend congressionally appropriated foreign aid. The Court did not base its ruling on the terms of individual awards—much to the contrary, the Court understood Plaintiffs to "assert APA claims to invalidate agency policy directives, regardless of any breach of any agreement or the extent of their losses." *AIDS Vaccine*, __ F. Supp. 3d at __, 2025 WL 752378, at *9; *id.* at *13 n.11 (noting that "a contractual challenge based on the terms of individual awards" would be "distinct from the challenge Plaintiffs currently advance"); *see also, e.g.*, *New York v. Trump*, No. 25-cv-39, 2025 WL 1098966, at *2 (D.R.I. Apr. 14, 2025) (concluding that *Department of Education* was inapplicable in case concerning "the Agency Defendants' implementation of a broad, categorical freeze on obligated funds," which "was not based on individualized assessments of any particular grant terms and conditions"), *appeal docketed*, No. 25-1413 (1st Cir. Apr. 28, 2025). Indeed, just one month before *Department of Education*, Defendants made the same jurisdictional arguments to the Supreme Court in this case, and the Supreme Court declined to adopt them. *AIDS Vaccine*, 604 U.S. at __, 145 S. Ct. at 753.

In arguing for an indicative ruling, Defendants also rely on the ongoing proceedings in *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025), but, if anything, they cut against Defendants' request. Defendants first pointed to *Widakuswara* when a panel cited

7

*Department of Education* to stay the injunction at issue pending appeal. *Glob. Health*, ECF No. 81. Since then, however, the en banc D.C. Circuit has administratively stayed the panel's decision. *Widakuswara*, No. 25-5144 (D.C. Cir. May 7, 2025). It is hard to imagine that an indicative ruling from this Court would further assist the court of appeals in any way. Moreover, as Judge Pillard's panel dissent indicates, a key inquiry in that case was whether it was "more like [*AIDS Vaccine*], in which the Supreme Court declined to stay interim injunctive relief despite assertions that the plaintiffs' statutory claims were really claims for monetary relief that belonged in the Court of Claims," or more like *Department of Education*. *Widakuswara*, 2025 WL 1288817, at *14 (Pillard, J., dissenting).

Finally, Defendants have given no reason to conclude that the preliminary injunction is "detrimental to the public interest"—indeed, their briefing makes no argument to that effect. The relief at issue has been in place since the Court issued its temporary restraining order three months ago. *See AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, __ F. Supp. 3d __, __, No. 25-cv-00400, 2025 WL 485324, at *6–7 (D.D.C. Feb. 13, 2025). From that point until the Court's brief administrative stay to consider this motion, the relevant agency directives have been without effect and Defendants have been under an obligation to comply with the Court's injunctive relief. The Court adopted a benchmark, based on submissions made by Defendants, which was not objected to and, indeed, would have already brought Defendants into full compliance by now under their initial projected timeline. *See, e.g.*, *Glob. Health*, ECF No. 63 ¶ 4 (Defendants estimating in March 19 status report that payments for past work would be processed by April 29); ECF No. 64 ¶ 5 (similar in March 27 status report). Defendants did not seek a stay of the Court's preliminary injunction—and, to the contrary, have represented that they would plan to take the same action that the injunction requires as to non-Plaintiffs even if the injunction were partially dissolved. *See*

8

*Glob. Health*, ECF No. 80 at 1; Hr'g Tr. at 7 (May 7, 2025). On this record, the Court cannot conclude that an indicative ruling regarding the preliminary injunction while this matter is pending on appeal would serve the public interest.

For these reasons, Defendants' motion for an indicative ruling is denied. The administrative stay entered by the Court on April 11, 2025, is vacated.

_____
AMIR H. ALI
United States District Judge

Date:  May 13, 2025