IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY REGARDING PLAINTIFFS' MOTION
<u>TO ENFORCE THE PRELIMINARY INJUNCTION</u>**

In their reply of June 30, 2025 (Doc. 101) in further support their motion to "enforce" the preliminary injunction of March 10, 2025, GHC Plaintiffs rely on a declaration (Doc. 101-1) from a pseudonymous declarant, Zahra Doe. Based on that declaration, GHC Plaintiffs attempt to generate a factual dispute on which they improperly seek deposition discovery. Defendants respectfully ask that the Court grant leave to file the attached surreply to respond to the new factual matter to which Defendants had no previous opportunity to respond.

Under Local Civil Rule 7(m), undersigned counsel asked counsel for GHC Plaintiffs on July 8, 2025 for their position on the instant motion. Counsel for GHC Plaintiffs stated they consent to the requested leave to file a surreply.

Leave to file a surreply is proper when "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "In exercising its discretion" to allow a surreply, "the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution

of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011); *see United States v. Mejia*, 657 F. Supp. 3d 123, 130 n.3 (D.D.C. 2023). Those circumstances exist here, and courts routinely grant motions for leave to file a surreply where, as here, parties introduce new declarations and other new matter in their reply briefs. *See, e.g*, *Pub. Emps. for Env't Resp. v. Nat'l Park Serv.*, 605 F. Supp. 3d 28, 36-38 (D.D.C. 2022) (granting leave to file surreply to address new affidavit filed with reply brief); *Doe v. Roman Catholic Diocese of Greensburg*, No. 20-cv-1750, 2021 WL 12137383, at *2-3 (D.D.C. Feb. 12, 2021) (granting motion for leave to file a surreply where plaintiffs filed a new affidavit and introduced new factual material in reply); *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 23 n.4 (D.D.C. 2001) (granting motion for leave to file a surreply brief where plaintiffs included three new declarations in their reply brief); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration not included in the original motion).

This Court should do the same and allow Defendants to file their proposed surreply attached herewith. A proposed order is also attached.

Dated: July 8, 2025                                   Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

<u>/s/ Indraneel Sur</u>
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
Joshua N. Schopf
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*