IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Civil Action No. 25-cv-402 (AHA)

**PLAINTIFFS' MOTION TO HOLD IN ABEYANCE BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS**

1. Pursuant to Federal Rule of Civil Procedure 6(b)(1), Global Health Council Plaintiffs respectfully move to hold the briefing schedule on Defendants' motion to dismiss (ECF No. 92) in abeyance pending the D.C. Circuit's ruling on Defendants' appeal of the preliminary injunction. Plaintiffs would likewise refrain from filing a motion for relief on the amended complaint until at least such date as the opposition to the motion to dismiss in due.

2. Plaintiffs have conferred with Defendants, who state: "Defendants consent to the proposed stay as to the motion to dismiss briefing deadlines in *GHC* only insofar as the Court similarly stays the motion to dismiss briefing deadlines in *AVAC* so that the deadlines are aligned to promote efficiency and conserve party and judicial resources." Plaintiffs have conferred with the plaintiffs in *AVAC*, who state: "*AVAC* Plaintiffs oppose an extension of the briefing schedule on the motion to dismiss in the *AVAC* case unless that the extension is accompanied by a deadline for Defendants' production of an administrative record." Defendants note that they: "would oppose the AVAC Plaintiffs' request as to an AR deadline for the reasons stated in Defendants' opposition to the *AVAC* Plaintiffs' motion to compel an AR." Global Health

Council Plaintiffs agree that production of an administrative record is warranted, but Global Health Council Plaintiffs' request to hold the briefing schedule in abeyance is not conditional, given the reasons for the request set forth below.

In support of this motion, Plaintiffs state as follows.

3. On April 22, 2025, Plaintiffs filed their amended complaint in this matter. ECF No. 73. Defendants sought, and received, a 21-day extension of time, to June 3, 2025, to respond to the amended complaint. ECF No. 78.

4. On June 3, 2025, Defendants filed a motion to dismiss. ECF No. 89. After the Court struck the motion to dismiss for failing to comply with page limit requirements, Defendants filed an amended motion to dismiss on June 12.

5. Plaintiffs then sought and received a 21-day extension of time to respond to the amended motion to dismiss, and leave to file a combined 60-page opposition to the motion to dismiss and motion for relief on the amended complaint. ECF No. 95; 6/23/2025 Minute Order. Plaintiffs' opposition is currently due on July 17.

6. On June 25, 2025, Plaintiffs moved to enforce this Court's preliminary injunction. ECF No. 97. That motion is now fully briefed.

7. On July 7, 2025, the D.C. Circuit held oral argument on Defendants' appeal of the preliminary injunction. Defendants have requested that the D.C. Circuit issue its decision in the appeal by August 15, 2025.

8. In light of the current status of the D.C. Circuit appeal and motion to enforce, there is good cause to hold the briefing schedule on Defendants' motion to dismiss in abeyance until the D.C. Circuit issues its decision. Defendants have raised many arguments in the D.C. Circuit that, if addressed by the D.C. Circuit, would bear directly on the arguments Defendants

raise in their motion to dismiss, including but not limited to the ability of private litigants to sue over violations of an appropriations statute or the Impoundment Control Act, Defendants' discretion regarding funding decisions under the relevant statutes, and the available scope of relief.

9. The interests of the parties and the Court would be best served if the parties' briefing addresses any relevant holdings of the D.C. Circuit on these issues. If the parties proceed with briefing on the motion to dismiss now, there is a significant risk that the briefing will be overtaken by events after the D.C. Circuit rules on the pending appeal and this Court rules on the pending motion to enforce. It would thus be in the interest of judicial economy and efficiency to hold the briefing schedule in abeyance for a short period of time until the D.C. Circuit issues its decision.

10. Regardless of whether the briefing schedule is held in abeyance in *AVAC*, the Court should hold in abeyance the briefing schedule in this case, which involves distinct parties and a number of distinct claims and issues, including claims related to the ability of Global Health Council Plaintiffs and their members to compete for the full spectrum of foreign assistance appropriations. Moreover, given that the D.C. Circuit is expected to issue a decision in a matter of weeks, a short abeyance in this case should not significantly delay the completion of briefing of Defendants' motion to dismiss in both cases, so that the Court could consider the motion in this case and in *AVAC* at the same time.

11. A proposed order is attached.

Dated: July 11, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Daniel F. Jacobson*
　　　　　　　　　　　　　　　　　　　　Daniel F. Jacobson (D.C. Bar # 1016621)
　　　　　　　　　　　　　　　　　　　　John Robinson (D.C. Bar # 1044072)
　　　　　　　　　　　　　　　　　　　　Nina Cahill (D.C. Bar. # 1735989)
　　　　　　　　　　　　　　　　　　　　JACOBSON LAWYERS GROUP PLLC
　　　　　　　　　　　　　　　　　　　　1629 K Street NW, Suite 300
　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　Tel: (301) 823-1148
　　　　　　　　　　　　　　　　　　　　dan@jacobsonlawyersgroup.com

　　　　　　　　　　　　　　　　　　　　William C. Perdue (D.C. Bar 995365)
　　　　　　　　　　　　　　　　　　　　Sally L. Pei (D.C. Bar 1030194)
　　　　　　　　　　　　　　　　　　　　Samuel M. Witten (D.C. Bar 378008)
　　　　　　　　　　　　　　　　　　　　Stephen K. Wirth (D.C. Bar 1034038)
　　　　　　　　　　　　　　　　　　　　Dana Kagan McGinley (D.C. Bar 1781561)
　　　　　　　　　　　　　　　　　　　　Allison Gardner (D.C. Bar 888303942)
　　　　　　　　　　　　　　　　　　　　Daniel Yablon (D.C. Bar 90022490)
　　　　　　　　　　　　　　　　　　　　ARNOLD & PORTER KAYE SCHOLER LLP
　　　　　　　　　　　　　　　　　　　　601 Massachusetts Ave., NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20001-3743
　　　　　　　　　　　　　　　　　　　　Tel: (202) 942-5000
　　　　　　　　　　　　　　　　　　　　stephen.wirth@arnoldporter.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*