UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-00402 (AHA) |

**Order**

Plaintiffs in these cases move to enforce the Court's preliminary injunction. The Court grants the motions in part and denies them in part without prejudice to being renewed following the court of appeals' decision in these cases.

On March 10, 2025, this Court granted in part and denied in part Plaintiffs' motions for a preliminary injunction. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 770 F. Supp. 3d 121, 155 (D.D.C. 2025). The Court concluded Plaintiffs were likely to succeed on their Administrative Procedure Act claims as to Defendants' directives to suspend funds up until February 13, 2025, *id.* at 138–43, and their constitutional claims that Defendants' unilateral suspension of

congressionally appropriated foreign aid violated the separation of powers. *Id.* at 143–48. The Court held that Plaintiffs' proposed relief was overbroad insofar as they asked the Court to order Defendants to continue to contract with them. *Id.* at 154. The Court enjoined Defendants "from enforcing or giving effect to" their implementing directives before February 13, 2025, and ordered Defendants to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." *Id.* at 155.

In their motions to enforce, Plaintiffs ask the Court to: (1) confirm Defendants must obligate all expiring foreign assistance appropriations consistent with Congress's directives; (2) require Defendants both to submit a detailed plan outlining how they intend to obligate all the expiring appropriated funds and to immediately begin obligating expiring funds; (3) state that Defendants cannot avoid obligating funds using a "pocket rescission" and that the Court will, if necessary, extend the expiring funds' period of availability; and (4) prohibit Defendants from giving effect to certain terminations issued before February 13. *Glob. Health*, ECF No. 97-1 at 2; *see also AIDS Vaccine*, ECF No. 104 at 6 (seeking an order requiring Defendants to file a plan for compliance with the preliminary injunction). In their reply brief, the plaintiffs in *Global Health* also seek (5) a limited opportunity to depose Defendants' declarant to aid in enforcement of the preliminary injunction. *Glob. Health*, ECF No. 101 at 14. The Court addresses these requests in turn.

1.  Plaintiffs' first ask—to "confirm that Defendants must obligate funds in accordance with the specific directives of the relevant appropriations act"—appears to seek nothing more than a reiteration of the Court's preliminary injunction as it relates to Plaintiffs' constitutional claims. *Glob. Health*, ECF No. 97-1 at 13–15 (capitalization omitted). In granting a preliminary injunction,

2

the Court found that Defendants had "no intent to spend" the funds Congress appropriated for foreign aid and that Defendants "have not disputed" their actions "are being undertaken to end foreign aid funding." *AIDS Vaccine*, 770 F. Supp. 3d at 144–45. The Court accordingly ordered that Defendants "are enjoined from unlawfully impounding congressionally appropriated foreign aid funds and shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." *Id.* at 155. Defendants did not seek or receive a stay of that order, and Defendants themselves have repeatedly acknowledged that the Court's injunction requires them to obligate the congressionally appropriated funds before the applicable deadline. *See, e.g.*, *Glob. Health*, ECF No. 61 at 12 ("Defendants understand the Court to have ruled that appropriated funds must be spent or lawfully rescinded by, for many of the funds at issue, September 30, 2025."); ECF No. 79 ¶ 7 ("Defendants understand that portion of the injunction to require them to make available covered funds before they expire, which will happen as soon as September 30, 2025, for some of the funds at issue. To comply with that direction, Defendants will be required to begin obligating and expending funds, potentially irretrievably, before that deadline."). To the extent reiteration of that obligation clarifies any matter at this stage of the proceedings, Plaintiffs' motions are granted in this respect. The preliminary injunction, which remains in full effect, requires Defendants to obligate all expiring foreign assistance appropriations in accordance with Congress's directives.[1]

---

[1] In their response to the motions to enforce, Defendants suggest that the relevant foreign aid appropriations "lack any mandatory language directing the obligation and expenditure of the full amount of funds appropriated for those purposes." *Glob. Health*, ECF No. 99 at 6. But in their preliminary injunction briefing, Defendants primarily defended the suspension of funds based on the Executive's "'vast and generally unreviewable' powers in the realm of foreign affairs." *AIDS Vaccine*, 770 F. Supp. 3d at 146 (quoting *Glob. Health*, ECF No. 34 at 2, 10, 24). Defendants cannot rely on a different argument now to attempt to narrow the scope of the preliminary injunction, which has been in effect for more than four months.

2. As to Plaintiffs' second ask—that the Court require Defendants to "submit a detailed plan outlining how they intend to obligate all of the expiring appropriated funds in accord with Congress' directives" and immediately begin obligating the appropriated funds—the Court finds Plaintiffs have not shown it would be proper to order such relief at this time. *Glob. Health*, ECF No. 97-1 at 15–17; *see also AIDS Vaccine*, ECF No. 104 at 6. In addition to the above representations regarding their obligation to spend the appropriated funds, Defendants have expressly represented to this Court and the court of appeals that they can and will obligate the funds before their expiration, including for funds that expire on September 30, 2025. At the most recent status conference in these cases, the Court asked how much time Defendants need to obligate the funds. Hr'g Tr. at 32 (May 6, 2025). The Court also specifically inquired that there is "not going to be a feasibility argument that pops up out of nowhere after[wards] where the government says, oh, wait, we only have a short amount of time now, there's no way we could possibly do that?" *Id.* at 33. Counsel for Defendants represented that the funds could and would be spent, reiterating multiple times that "the historical experience of the agencies is that even if—with the decision on August 15th, there would still be time, right. Even later than that there still would be time to obligate the amount of funds." *Id.* at 32; *see also id.* at 33 (reiterating that "the historical experience shows that even on the time frame which has been sought from the Court of Appeals, there will be sufficient time to obligate the balances" and "the historical experience is that it can be done").

Defendants have made the same representations in their response to Plaintiffs' motions to enforce, asserting that the State Department and the U.S. Agency for International Development ("USAID") "have sufficient time to obligate funds well within the approximately six-week period from August 15, 2025 to September 30, 2025, and could exercise existing authorities that allow

additional agency acceleration of contracting and grant-making processes." *Glob. Health*, ECF No. 99 at 14. They submit a declaration from the deputy administrator and chief operating officer of USAID, who attests to the same and that Defendants "have already undertaken preparations to be ready to obligate expiring foreign assistance funds on a short timeline as necessary." *Glob. Health*, ECF No. 99-1 ¶¶ 8, 17. And Defendants have represented the same to the D.C. Circuit. *See* Oral Argument at 1:08:52, *Glob. Health Council v. Trump*, No. 25-5097 (D.C. Cir. July 7, 2025) (representing that "August 15 is really the day when they need to start the process of going through the process of making these obligations irretrievably to get the funds out the door by September 30, and so that's . . . why we asked this court for an opinion by that date").[2]

The Court finds it would be improper to grant Plaintiffs the relief they propose at this time. The court of appeals is currently reviewing the merits of the constitutional issue and is doing so on an expedited basis. Defendants' proposal to the Circuit to expedite the appeal, which Plaintiffs consented to, was based in part on Defendants' representation that they needed clarity to "begin obligating and expending funds, potentially irretrievably, before [the September 30] deadline." Unopposed Motion to Expedite Appeal ¶ 2, *Glob. Health*, No. 25-5097 (D.C. Cir. Apr. 28, 2025). Moreover, the preliminary injunction has been and remains in full effect and Plaintiffs do not explain why they waited until just now—weeks away from the proposed date for a ruling provided to the court of appeals—to file their motions. Given Defendants' clear representations that they can and will obligate the funds and the relatively short time remaining until the August 15 deadline

---

[2] Defendants have made these representations in response to Plaintiffs' identification of specific regulations and requirements that, in Plaintiffs' view, would impede Defendants from obligating the funds prior to their expiration. *See, e.g.*, *Glob. Health*, ECF No. 97-1 at 10–12. Defendants clearly cannot rely on any such obstacles in the future to avoid compliance.

5

proposed to the court of appeals, the Court finds Plaintiffs have not shown the requested relief would be proper at this time.

3. Plaintiffs' third ask—concern that Defendants' and counsel's representations to this Court and the Circuit are strategic gamesmanship to buy time for a "pocket recission" and Plaintiffs' request for the Court to state it will extend the availability of expiring funds—is premature. *Glob. Health*, ECF No. 97-1 at 17–20. Plaintiffs cite public statements indicating the Executive could send a "special message" proposing a rescission to Congress fewer than forty-five days before the relevant foreign aid funds expire on September 30. *See id.* at 7. Defendants might then "claim that the funds expired during the 45-day period—thus purportedly relieving the Administration of the requirement to ever obligate the funds." *Id.*; *see also AIDS Vaccine*, ECF No. 104 at 5 (asserting that "the Administration has previewed plans to let impounded funds expire unspent"). Defendants respond that these claims "do not purport to describe the Government's actual rescission plans." *AIDS Vaccine*, ECF No. 106 at 5.

The parties go back and forth on whether so-called pocket rescissions comply with or violate the Impoundment Control Act. *Glob. Health*, ECF No. 97-1 at 17–19; ECF No. 99 at 9–14. In addition, Defendants and counsel must consider their duty to the Court as it relates to compliance with the preliminary injunction. It would be quite a thing for Defendants to make the above, reiterated representations—that they understand they must, they can, they will, and they do have a plan to obligate the funds—as merely a smokescreen to buy time for a pocket recission that, aside from any statutory question, would circumvent precisely what they are representing to the courts that they are prepared to do. Indeed, that would mean Defendants have asked the D.C. Circuit to issue an expedited ruling, with the plan to promptly disregard any adverse decision

through a rescission proposal.³ The Court will not prematurely ascribe that approach to Defendants and need not resolve any question related to a pocket rescission given Defendants' repeated representations that they can and will obligate all expiring funds come August 15. *See Glob. Health*, ECF No. 99-1 ¶ 17 ("Defendants . . . have already undertaken preparations to be ready to obligate expiring foreign assistance funds on a short timeline as necessary.").

Plaintiffs point out that the Court has remedial tools at its disposal to extend the relevant expiration dates. *Glob. Health*, ECF No. 97-1 at 19–20; *see, e.g.*, *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (discussing court's equitable power to "simply suspend the operation of a lapse provision and extend the term of already existing budget authority" (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977))); *see also Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 98 (D.C. Cir. 2021) ("In the appropriations context, our court has recognized an equitable doctrine . . . that permits a court to award funds based on an appropriation even after the date when the appropriation lapses, so long as the lawsuit was instituted *on or before that date*." (omission in original) (internal quotation marks and citation omitted)). The Court similarly finds it premature to grant any extension at this time, particularly in light of the pending appeal. The Court can act promptly to consider an extension if it becomes necessary.

4.  Plaintiffs fourth ask the Court to enforce the preliminary injunction as to certain terminations before February 13, 2025. *Glob. Health*, ECF No. 97-1 at 20–21.

The preliminary injunction, like the Court's temporary restraining order ("TRO"), enjoined Defendants "from enforcing or giving effect to" agency directives implementing Executive Order

---

³ Such timing would be especially peculiar given that the Executive has already sent a rescission proposal to Congress for certain foreign aid funds—but did not include the funds expiring September 30, 2025, in that package. *See Glob. Health*, ECF No. 97-1 at 7 n.4.

No. 14169 "by giving effect to any terminations, suspensions, or stop-work orders issued between January 20, 2025, and February 13, 2025." *AIDS Vaccine*, 770 F. Supp. 3d at 155. Here, Plaintiffs have submitted communications stating that agency leadership "confirm[ed] that the previously issued 462 contracts, grants, and cooperative agreement terminations between January 20 and February 13, 2025 have been issued after individualized review of subject awards, consistent with relevant legal requirements." *Glob. Health*, ECF No. 97-3 at 2. The USAID chief acquisition officer thus directed staff to "effectuate the terminations of awards issued prior to February 13, 2025." *Id.* Defendants maintain that they have terminated awards consistent with "the Court's previous recognition that it was not constraining individual award decisions based on applicable statutes, regulations, and award provisions." *Glob. Health*, ECF No. 99 at 23. They suggest the post-TRO individualized review of awards "resulted in 'ratification' of the terminations announced pre-TRO." *Id.*

The Court's preliminary injunction did not include any exception for Defendants to evade its terms through post hoc explanations for terminations, and the Court has previously rejected similar attempts by Defendants. *See, e.g.*, *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 768 F. Supp. 3d 26, 28 (D.D.C. 2025) ("Defendants cannot simply come up with a new post-hoc rationalization in an attempt to justify the action that was temporarily enjoined as likely arbitrary and capricious for what it failed to consider."). Defendants have previously acknowledged that the TRO enjoined them from giving effect to terminations issued prior to February 13. *Glob. Health*, ECF No. 37 at 34 (counsel for Defendants stating that "we understand the TRO to foreclose" suspensions and terminations communicated between January 19 and February 13).

The motions to enforce are accordingly granted in this respect. Defendants may not give effect to terminations issued prior to February 13, 2025, and must promptly take steps to come into compliance as to the awards at issue.

5.  In their reply brief, the plaintiffs in *Global Health* ask for a limited deposition of Defendants' declarant in aid of enforcing the Court's injunction. *Glob. Health*, ECF No. 101 at 14. Defendants have filed a sur-reply yet offer only a single sentence asserting in conclusory terms that such a deposition is not warranted. *Glob. Health*, ECF No. 102-1 at 3. The Court will allow Defendants an additional opportunity to more fully respond. They shall file any response to Plaintiffs' request to depose their declarant in aid of enforcing the preliminary injunction by July 23, 2025, and Plaintiffs shall file any reply by July 25, 2025.

*       *       *

Plaintiffs' motions to enforce the preliminary injunction, *Glob. Health*, ECF No. 97; *AIDS Vaccine*, ECF No. 104, are granted in part and denied in part for the reasons above. Defendants shall file any response to Plaintiffs' request to depose their declarant in aid of enforcing the preliminary injunction by July 23, 2025, and Plaintiffs shall file any reply by July 25, 2025.

_____
AMIR H. ALI
United States District Judge

Date:   July 21, 2025