IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**[PROPOSED] DEFENDANTS' SURREPLY REGARDING
PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

Some arguments in GHC Plaintiffs' reply of June 30, 2025 (Doc. 101) on their motion to "enforce" the preliminary injunction are predicated on a new declaration from a pseudonymous declarant ("Zahra Doe") (Doc. 101-1). GHC Plaintiffs rely on their new declaration (Reply 11-14), *inter alia*, to attempt to generate factual disputes on which they propose improper deposition discovery of a high-ranking government official. The Court should reject the new declaration as unreliable and reject GHC Plaintiffs' post-reply bid for such improper discovery concerning a preliminary injunction whose validity the Court of Appeals is now assessing on an expedited basis. The pseudonymous declarant offers only conclusory statements based on her alleged experience, but even as vaguely described in the declaration that experience is necessarily isolated. Simply dressing up her disagreements with agency leadership about the national interest and agency priorities as the product of that purported experience provides no basis for accepting her views as reliable fact, and provides no basis for discovery.

To begin with, GHC Plaintiffs have again failed to justify their reliance on a declaration deploying a pseudonym. Consistent with the "strong presumption in favor of public access to judicial proceedings," *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C.

Cir. 2017), courts traditionally require a person seeking to use a pseudonym in court filings to make a showing akin to "good cause" for that course, *see Doe v. Von Eschenbach*, No. 06-cv-2131, 2007 WL 1848013 at *2 (D.D.C. June 27, 2007); *cf. Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021) ("court may . . . *for good cause*, 'require redaction of additional information'" from filings) (quoting Fed. R. Civ. P. 5.2(e)(1)) (emphasis added). But the declarant offers on that point merely the bald assertion that she "fear[s] that the Administration will retaliate against" her "for whistleblowing if" her "identity is revealed." 2d Zahra Doe Decl. ¶ 2.[1] The declarant does not describe any particular events or circumstances that would make such a "fear" objectively reasonable, leaving nothing but her subjective and self-serving say-so, which is inadequate by any standard, and certainly cannot count as "good cause."

In any event, the declarant provides little more than her own "say so" as a basis for crediting her factual assertions and her legal conclusions couched as factual assertions. Although the declarant describes herself as a USAID "Contracting and Agreement Officer" and purports to have "over 13 years" of unspecified "experience" (2d Zahra Doe Decl. ¶¶ 3, 24), she never describes the particular characteristics of her actual agency work experience, such as how long she served in that role or any other information about her professional training and experience. Nor does she assert any basis for knowledge about *current* operating conditions at USAID and State given the in-progress reorganization Defendants have recently described. Over and again, in conclusory fashion, she describes her agency "experience" as the basis for her assertions. *See, e.g.*, 2d Zahra Doe Decl. ¶¶ 25-26 (twice per paragraph); ¶ 28 (three times)). But without the benefit of an actual description of that purported "experience," the reliability of her account of the agency's contracts and grants processes and the grounds for her "disagree[ment]" with agency leadership (2d Zahra

---

[1] GHC Plaintiffs filed a previous "Zahra Doe" declaration dated February 23, 2025 at Doc. 42-1.

Doe Decl. ¶ 24) cannot be meaningfully assessed. And absent such a description, there is even less reason to give any weight to her attempts to construe legal provisions, such as the requirements of 2 CFR § 200.204 (2d Zahra Doe Decl. ¶ 28).

Ultimately, the evident function of the declaration is to attempt to controvert the declaration of agency leadership Defendants offered in opposing the motion. Doc. 99-1. But it is the responsibility of agency leadership, not subordinate staff, to chart agency priorities and the national interest consistent with the views of the President. The quarrel of just one unnamed subordinate who evidently disagrees with agency leadership about agency priorities is not a basis for assigning any weight to GHC Plaintiffs' views espoused through the pseudonymous declaration. Nor could such a declaration suffice to establish extraordinary circumstances warranting a deposition of any high-ranking government official, contrary to GHC Plaintiffs' contention (Reply 14). *See generally Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941); *cf. In re Dep't of Com.*, 139 S. Ct. 16, 17 (2018) (mem.) (opinion of Gorsuch, J., joined by Thomas, J.).

Hence the Court should reject the new declaration as unreliable and reject the reply arguments predicated on that declaration.

Dated: July 8, 2025                           Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*