IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**MOTION FOR PARTIAL STAY OF PRELIMINARY INJUNCTION PENDING ISSUANCE OF D.C. CIRCUIT MANDATE**

1.  Defendants respectfully move under Federal Rule of Civil Procedure 65 for a stay pending issuance of the mandate of the United States Court of Appeals for the District of Columbia Circuit in No. 25-5097 of that branch of the Court's preliminary injunction of March 10, 2025 that "enjoined" the "Restrained Defendants" "from unlawfully impounding congressionally appropriated foreign aid funds and shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." 770 F. Supp. 3d 121, 155 (D.D.C. 2025), *vacated and remanded*, No. 25-5097, 2025 WL 2326021 (D.C. Cir. Aug. 13, 2025).

2. The grounds for the motion are set forth in the accompanying memorandum. A proposed order is also attached.

3. Plaintiffs indicated through counsel they oppose the relief requested herein.

Dated: August 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL STAY OF PRELIMINARY INJUNCTION PENDING ISSUANCE OF D.C. CIRCUIT MANDATE**

The D.C. Circuit on August 13, 2025 ruled for the Government in its appeal from the preliminary injunction of March 10, 2025, concluding that Plaintiffs lacked a cause of action to seek the relief requiring obligation of funds appropriated in the Further Consolidated Appropriations Act of 2024, Pub. L. No. 118-47, div. F, tits. III-IV, 138 Stat. 460, 740-50. *GHC v. Trump*, No. 25-5097, __ F.4th __, __, 2025 WL 2326021, at *1 (D.C. Cir. Aug. 13, 2025). The D.C. Circuit vacated the relevant portion of the preliminary injunction and remanded for proceedings consistent with its opinion. *Id*. at *13.

1

The period of availability of some of those funds ends on September 30, 2025. Absent an intervening order from the Court of Appeals, the mandate of the Court of Appeals will not issue until "seven days after disposition of any timely petition for rehearing or petition for rehearing en banc," which may well be shortly before or even after the period of availability ends for some of the funds at issue. Order in No. 25-5097 (D.C. Cir. Aug. 13, 2025) (Doc. 2129855). To prevent the disruption, confusion, and waste of efforts that would result from requiring the Restrained Defendants, before issuance of the mandate, to continue agency preparations for obligating the funds at issue before their expiration on September 30, 2025, Defendants respectfully request a stay of the pertinent portion of the preliminary injunction—namely, the provision that "enjoined" the "Restrained Defendants" "from unlawfully impounding congressionally appropriated foreign aid funds and shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." 770 F. Supp. 3d 121, 155 (D.D.C. 2025).

Under Local Civil Rule 7(m), counsel for Defendants corresponded with counsel for Plaintiffs, who stated on August 14, 2025 that Plaintiffs do not consent to the relief requested herein. Plaintiffs on August 15, 2025 filed in the Court of Appeals a motion "for an emergency stay (or administrative stay) of the panel opinion and judgment pending en banc review," Pls. Mot. 1 in No. 25-5097 (D.C. Cir. filed Aug. 15, 2025) (Doc. 2130281), and petitioned for rehearing en banc (Doc. 2130328).

**LEGAL STANDARD**

The traditional four-factor standard for issuance of a stay requires examining: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

2

lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Although it is not clear that standard governs the instant motion because here the D.C. Circuit has ruled for the Government in the pertinent appeal, if that standard were to apply, it is satisfied here.

**ARGUMENT**

*1.* As to likelihood of success: The Government has prevailed on appeal, so it logically satisfies the requirement of likelihood of success. Upon its issuance, the D.C. Circuit's opinion holding that Plaintiffs lacked a cause of action to obtain the portion of the preliminary injunction concerning appropriated funds became circuit precedent binding in this District. And although the mandate is not currently expected to issue for several weeks, that does not affect the precedential force of the opinion. "A published opinion . . . becomes binding precedent when it is decided. The fact that a mandate has not yet issued means only that jurisdiction over the case has not yet shifted back to the district court; it does not undermine the immediate precedential weight of our decision." *Cox v. Dep't of Just.*, 111 F.4th 198, 209 (2d Cir. 2024); *see Marin Audubon Soc'y v. FAA*, 129 F.4th 869, 870 n.1 (D.C. Cir. 2025) (citing, *inter alia*, *Cox*).

And Plaintiffs' decision to seek interim relief and en banc review of the D.C. Circuit's decision does not alter the authoritativeness of the panel opinion. For example, if issuance of the mandate were to be stayed, that would "not destroy the finality of [the] appellate court's judgment," because "a published decision is final for such purposes as stare decisis, and full faith and credit, unless it is withdrawn by the court." *Cox*, 111 F.4th at 209 (quoting *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017)); *see Marin Audubon*, 129 F.4th at 870 n.1 (citing *Zermeno-Gomez*).

*2.* As to irreparable injury absent a stay: Because the mandate may well not issue until shortly before, or even after, September 30, 2025 (at least absent an intervening order from the

3

Court of Appeals), denial of a stay will require Defendants to continue undertaking preparations to obligate certain funds whose period of availability ends on that date. Defendants previously described their efforts in their oppositions to motions to enforce. *See, e.g.*, Lewin Decl. (June 30, 2025) (GHC Doc. 99-1). Requiring Defendants to continue to undertake those efforts would be wasteful: If the result is that Defendants must actually enter into obligations with particular awardees, a host of logistical challenges may preclude Defendants from later recovery of the related funds once the mandate issues.

That would be irreparable and also incorrect, given the inconsistency of any such judicial requirement to obligate the funds with the D.C. Circuit's opinion vacating the relevant portion of preliminary injunction and remanding for further proceedings because Plaintiffs lack a cause of action.

To require Defendants, over their objection, to allocate limited resources to advancing preparations toward obligation of funds that the D.C. Circuit has concluded Plaintiffs cannot lawfully require Defendants to obligate would render the opinion a nullity and override Defendants' judgments concerning planned expenditure of taxpayer funds. The underlying Foreign Assistance Act provisions, for their part, would not support such an outcome. Rather, various Foreign Assistance Act provisions explicitly authorize the President to provide for assistance "on such terms and conditions as he may determine." *See, e.g.*, 22 U.S.C. § 2151b(c)(1)) (health assistance); 22 U.S.C. § 2291(a)(4) (counternarcotics and anti-crime assistance); 22 U.S.C. § 2346 (assistance to promote economic or political stability); 22 U.S.C. § 2347 (International Military Education and Training assistance); 22 U.S.C. § 2348 (Peacekeeping Operations); 22 U.S.C. § 2349aa (anti-terrorism assistance).

4

Moreover, "[w]hen a federal court enters a universal injunction against the Government, it improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties," which itself is "irreparable harm absent a stay." *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2561 (2025) (quoting *INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers) (citation modified). Indeed, the preliminary injunction is one such "universal injunction" that "prevents" Defendants from implementing their "policies against nonparties" (not just Plaintiffs), underscoring the irreparable harm that denial of the requested stay would entail.

**3.** As to harm to others: The harm Plaintiffs have claimed from not being able to require Defendants to obligate the funds at issue is not cognizable harm that a federal court can remedy in Plaintiffs' suits, now that the D.C. Circuit has held that Plaintiffs lack a cause of action.

Additionally, the D.C. Circuit determined that Plaintiffs had not sufficiently developed the record to enable the Court of Appeals to decide "how long the grantees could financially continue without the opportunity to compete for impounded funds as opposed to the funds from existing contracts," and hence failed to show "why being denied immediate relief as to that opportunity would cause harm the grantees would not suffer anyway." 2025 WL 2326021, at *13. The "gap" in Plaintiffs' proof "weighs against holding that the irreparable injury factor 'strongly favors' the issuance of an injunction," the court concluded. *Id.* That conclusion obviates the need for this Court to inquire further into Plaintiffs' harm.

**4.** As to the public interest: The public interest favors the stay requested. The public interest is harmed when, as explained above, the Executive is required to undertake efforts to obligate funds contrary to the President's determinations under the Foreign Assistance Act and contrary to the D.C. Circuit's opinion.

5

## CONCLUSION

For the forgoing reasons, the Court should stay the portion of its preliminary injunction directing obligation of appropriated funds pending the D.C. Circuit's issuance of the mandate in No. 25-5097.

Dated: August 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*