IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**GLOBAL HEALTH COUNCIL PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO CLARIFY**

**INTRODUCTION**

The Court should deny Defendants' "motion for clarification" of the Court's March 10 preliminary injunction and July 21 enforcement order. Both orders made clear that Defendants could not "enforc[e] or giv[e] effect to" agency directives implementing Executive Order 14169 "by giving effect to" terminations or suspensions of awards between January 20, 2025 and February 13, 2025. PI Op. at 47–48, Dkt. No. 60. Defendants did not appeal the clear language of the termination order, and the time to appeal has long passed.

And yet, after this Court's preliminary injunction, USAID's chief acquisition officer directed staff to "effectuate the terminations of awards issued prior to February 13, 2025." Dkt. No. 97-3 at 2. He did so pursuant to an April 30 Action Memo issued by Defendant Lewin authorizing contracting officers "to effectuate" the terminations "pursuant to [Lewin's] ratification." Dkt. No. 97-2 at 1.

Plaintiffs moved to enforce. The Court granted Plaintiffs' motion, confirming that Defendants "may not give effect to terminations issued prior to February 13," and ordering Defendants to "promptly take steps to come into compliance." Enforcement Order at 9, Dkt. No. 107. Now, more than a month after the Court's enforcement order, Defendants have provided no evidence that they have taken any steps toward compliance with the Court's enforcement order or the original injunction from more than five months ago. Instead, Defendants simply rehash the same arguments that this Court has already rejected twice.

Under settled principles of administrative law, if Defendants wish to invoke new reasons to support an agency action, they must take new agency action, through a new process that is not simply intended to ratify the defective actions, and they must provide their reasons for doing so.

Defendants cannot put forward *post hoc* rationales to effectuate an agency action that this Court has enjoined them from effectuating.

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Phillip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). To seek clarification of a court order, a party must first meet the "threshold requirement" of showing that the Court's order "is reasonably susceptible to differing interpretations." *All. Of Artists & Recording Cos. V. General Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016). A motion to clarify may not be used to seek "advisory determinations" on how a court's order should be applied in the abstract. *Phillip Morris*, 793 F. Supp. 2d at 169. Rather, the party seeking clarification must identify a "concrete context or particular factual situation" as to which the order is arguably ambiguous. *Id.*

## ARGUMENT

**I.     The Preliminary Injunction and Enforcement Order Do Not Require Clarification**

Defendants' motion should be denied at the outset because it fails to meet the threshold requirements for clarification. The preliminary injunction enjoined Defendants from "enforcing or giving effect to sections 1, 5, 7, 8, and 9 of the January 24 State Department memorandum, and any other directives that implement sections 3(a) and 3(c) of Executive Order No. 14169, by giving effect to any terminations, suspensions, or stopwork orders issued between January 20, 2025, and February 13, 2025, for any grants, cooperative agreements, or contracts for foreign assistance." PI Op. at 47–48, Dkt. No. 60.

The meaning of the order is clear and not "reasonably susceptible to differing interpretations." *All. Of Artists*, 306 F. Supp. 3d at 418. The original preliminary injunction was

unambiguous, and this Court removed any doubt as to how to interpret the injunction in granting the motion to enforce. The Court explained in granting the motion to enforce that "[t]he preliminary injunction, like the [TRO], enjoined Defendants 'from enforcing or giving effect to agency directives' implementing Executive Order No. 14169 'by giving effect to any'" pre-TRO terminations or suspensions. Enforcement Order at 8, Dkt. No. 107 (quoting PI Op. at 47–48). And the Court emphasized that the preliminary injunction "did not include any exception for Defendants to evade its terms through post hoc explanations for terminations." *Id.* (citing Order Denying Mot. to Clarify at 3). The Court accordingly granted Plaintiffs' motion to enforce and ordered Defendants to "promptly take steps to come into compliance as to the awards at issue." *Id.* at 9.

Defendants' motion for clarification identifies no ambiguity in either the preliminary injunction or the enforcement order. Instead, Defendants once again argue against the Court's order, contending that it should allow them to evade the injunction through *post hoc* ratification. But if Defendants disagreed with this aspect of the Court's injunction, the proper course would have been to appeal the injunction in this respect. Having failed to do so, Defendants cannot now re-litigate the injunction through a motion to clarify.

II.     **The Court Should Reject Defendants' Interpretation of the Preliminary Injunction**

Even if Defendants had identified some ambiguity in the preliminary injunction or enforcement order, the Court should reject Defendants' proposed clarification, which would in fact alter and amend the preliminary injunction, not clarify it. Defendants ask that the Court "confirm and clarify" that they would comply with the injunction "if" they "determined that . . . awards should be terminated" through "post-TRO application of individual award terms and Defendants' authorities under statutes, regulations, and other legal authorities." Mot. 2. "[I]n

3

those circumstances," Defendants' suggest, "the date of termination should simply be altered from the date of the (enjoined) pre-TRO termination date to the date of the (permissible) post-TRO termination." *Id.* at 2–3. But that is not what the preliminary injunction says. As the Court has already explained, the preliminary injunction does not authorize Defendants to "ratif[y]" the pre-TRO terminations through *post hoc* explanations. Enforcement Order at 8.

As Plaintiffs explained in their motion to enforce, it is a "foundational principle of administrative law" that judicial review of agency action is confined to "the grounds that the agency invoked when it took the action." *Michigan v. EPA*, 576 U.S. 743, 758 (2015) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). An agency can invoke new reasons to support an action only if it "tak[es] *new* agency action" and "compl[ies] with the procedural requirements for such action." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 21 (2020). For example, in *Regents*, the Supreme Court refused to consider additional reasoning proffered by the Secretary of Homeland Security to justify the rescission of the DACA program, where the Secretary chose not to "issue a new rescission" of the program and instead only "provide[d] further explanation" for the initial rescission. *Id.* Because the Secretary had failed to take a new administrative action, any additional reasoning for the initial action "could be viewed only as impermissible post-hoc justifications not properly before [the Court]." *Id.* The preliminary injunction and enforcement order unambiguously prohibit Defendants from giving effect to their initial unlawful actions.

Defendants also ask the Court to carve out an exception from the preliminary injunction permitting them to give effect to pre–February 13 terminations when an awardee has "manifested consent." Mot. 8. It is unclear what Defendants mean by "manifested consent," but to the extent Defendants are referring to awardees partaking in the award closeout process, at a time when

4

they had no other option because Defendants were violating the injunction, such actions clearly should not be treated as consent now. Instead, awardees should have an opportunity to make a new decision on how to proceed once the government comes into compliance with the preliminary injunction.

Finally, Defendants ask the Court to "clarify" that the PI and Order do not apply to awards that were terminated for reasons unrelated to Executive Order 14169. Mot. at 7, 15. The injunction already makes clear what is enjoined: Defendants may not give effect to "any terminations, suspensions, or stopwork orders issued between January 20, 2025, and February 13, 2025" that were carried out pursuant to the January 24 memorandum and other directives implementing Executive Order 14169. PI Op., Dkt. No. 60 at 47–48. Accordingly, no clarification is necessary.

## CONCLUSION

The Court should deny Plaintiffs' motion for clarification.

Dated: August 25, 2025                    Respectfully submitted,

/s/ *Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
John Robinson (D.C. Bar 1044072)
Nina Cahill (D.C. Bar No. 1735989)
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com

William C. Perdue (D.C. Bar 995365)
Sally L. Pei (D.C. Bar 1030194)
Samuel M. Witten (D.C. Bar 378008)
Stephen K. Wirth (D.C. Bar 1034038)
Dana Kagan McGinley (D.C. Bar 1781561)
Daniel Yablon (D.C. Bar 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
stephen.wirth@arnoldporter.com

*Counsel for Plaintiffs*

6