IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Civil Action No. 25-cv-402 (AHA)

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7(i), Plaintiffs respectfully request leave to file the Second Amended Complaint attached hereto to add one additional claim in light of the D.C. Circuit's August 28, 2025 decision and recent factual developments. A copy of the proposed Second Amended Complaint is attached hereto, as required by Local Civil Rule 15.1. Plaintiffs have conferred with Defendants, who have stated that "Defendants will examine that motion for leave, and state their position in due course."

Under Rule 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* Under Rule 15(a)'s "liberal standard for granting leave to amend," it is "an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Parker v. John Moriarty & Assoc.*, 320 F.R.D. 95, 97 (D.D.C. 2017) (Under Rule 15(a)(2), leave to amend "should be freely given unless there is a good reason to the contrary.") "Because leave to amend should be liberally granted, the party

opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend." *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 322 (D.D.C. 2011).

Plaintiffs' request to amend easily satisfies the liberal standard of Rule 15(a). Plaintiffs are filing this motion one day after the D.C. Circuit's mandate issued, to add a claim and recent factual developments that are responsive and directly relevant to the Circuit's decision allowing Plaintiffs to pursue APA challenges to enforce appropriations statutes. *See Global Health Council v. Trump*, No. 25-5097 (D.C. Cir. Aug. 28, 2025) (statement of Garcia, J.). Plaintiffs have not engaged in bad faith, have not been dilatory in pursuing their claims, and have not failed to cure deficiencies with prior amendments. Amendment would not be futile.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached Second Amended Complaint. A redline copy of the proposed Second Amended Complaint is attached as Exhibit 1; a clean copy is attached as Exhibit 2.

Dated: August 29, 2025                    Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
John Robinson (D.C. Bar 1044072)
Nina Cahill (D.C. Bar No. 1735989)
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com

William C. Perdue (D.C. Bar 995365)
Sally L. Pei (D.C. Bar 1030194)
Samuel M. Witten (D.C. Bar 378008)
Stephen K. Wirth (D.C. Bar 1034038)
Dana Kagan McGinley (D.C. Bar 1781561)

Daniel Yablon (D.C. Bar 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
stephen.wirth@arnoldporter.com

*Counsel for Plaintiffs*

3