IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY AND PERMANENT INJUNCTION,
SUMMARY JUDGMENT, AND WRIT OF MANDAMUS**

Upon consideration of Plaintiffs' motion for a preliminary and permanent injunction, for summary judgment, and for writ of mandamus, it is hereby

**ORDERED** that the motion is **GRANTED**. It is further

**ORDERED** that judgment shall enter for Plaintiffs on their claims that Defendants' actions with respect to appropriations that will expire on September 30, 2025, violate the Administrative Procedure Act as contrary to law, and their claims that Defendants' actions with respect to the same funds constitute agency action unlawfully withheld or unreasonably delayed. It is further

**ORDERED** that, pursuant to 5 U.S.C. § 706(2), Defendants' decision not to make available for obligation the full amounts of expiring appropriations in the 2024 Appropriations Act and prior appropriations is declared unlawful, set aside, and vacated. It is further

**ORDERED** that, pursuant to 5 U.S.C. § 706(1), Defendants are compelled to make available for obligation and to obligate, by September 30, 2025, for the uses and purposes specified by Congress: (1) the full amount of expiring funds that Congress appropriated for foreign assistance programs in the fifteen categories of appropriations specified in Plaintiffs' motion from

Title III and Title IV of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the appropriations through duly enacted legislation; and (2) the specific or minimum amounts of expiring funds that Congress required Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030-7061 of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the appropriations through duly enacted legislation.  It is further

**ORDERED**  that Defendants are enjoined to make available for obligation and to obligate, by September 30, 2025, for the uses and purposes specified by Congress: (1) the full amount of expiring funds that Congress appropriated for foreign assistance programs in the fifteen categories of appropriations specified in Plaintiffs' motion from Title III and Title IV of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the appropriations through duly enacted legislation; and (2) the specific or minimum amounts of expiring funds that Congress required Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030-7061 of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, with the exception of the subcategories of funds for which no Plaintiffs would compete as identified in Exhibit A to Plaintiffs' motion, unless Congress rescinds the appropriations through duly enacted legislation.

**ORDERED** that, pursuant to 28 U.S.C. § 1361, a writ of mandamus issue against Defendant MARCO RUBIO, in his official capacity as Secretary of State and Acting Administrator of the United States Agency for International Development, JEREMY LEWIN, in his official capacity as Acting Director of Foreign Assistance at the United States Department of State and in his official capacity performing the duties of the Deputy Administrator and Chief Operating Officer of the United States Agency for International Development, and RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, to make

available for obligation and to obligate, by September 30, 2025, for the uses and purposes specified by Congress: (1) the full amount of expiring funds that Congress appropriated for foreign assistance programs in the fifteen categories of appropriations specified in Plaintiffs' motion from Title III and Title IV of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the appropriations through duly enacted legislation; and (2) the specific or minimum amounts of expiring funds that Congress required Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030-7061 of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, with the exception of the subcategories of funds for which no Plaintiffs would compete as identified in Exhibit A to Plaintiffs' motion, unless Congress rescinds the appropriations through duly enacted legislation. It is further

**ORDERED** that Defendants may not newly obligate expiring funds, or keep funds that are currently obligated in that status, and then de-obligate the funds after September 30 for the specific purpose of permanently impounding the funds. It is further

**ORDERED** that Defendants shall take every step necessary to effectuate this Order. It is further

**ORDERED** that this Order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. § 706; and it is further

**ORDERED** that Defendants shall file a status report within one week of the entry of this Order, apprising the Court of the status of their compliance with this Order.

                                                  AMIR H. ALI
                                                  UNITED STATES DISTRICT JUDGE