## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs*,

        v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 25-cv-402 (AHA)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 132) should be denied as futile. As set out in Defendants' opposition today to Plaintiffs' August 29 motion for a temporary restraining order, preliminary injunction, and partial summary judgment, the proposed amendment fails as a matter of law and adding it would be futile.

1. Plaintiffs filed their original complaint on February 11, 2025 (Doc. 1), and amended their complaint on April 22, 2025 (Doc. 73). The amended complaint raised two APA claims, among others. Plaintiffs now attempt, in their proposed new pleading, to add a new APA claim under 5 U.S.C. § 706(1) to "compel agency action unlawfully withheld." Prp. 2d Am. Compl. ¶¶ 275-86 (7th Claim) (Doc. 132-1).

2. A party may amend its pleading only once as a matter of course if that party follows the requirements of Rule 15(a)(1). If a party seeks a second or further amendment, that party may only amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should not "not automatically grant leave" to a party seeking to amend its pleading but should only grant leave after consideration of all relevant factors. *N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d

78, 85 (D.D.C. 2012). "When considering a motion for leave to amend, the Supreme Court has instructed federal courts to consider the following factors: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of permitting an amendment; and (5) futility of the amendment." *Norris v. Salazar*, 746 F. Supp. 2d 1, 3 (D.D.C. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3. "[A]mendment should not be permitted if it would be futile." *Virtue v. Int'l Bhd. of Teamsters Ret. & Family Prot. Plan*, 893 F. Supp. 2d 46, 48 (D.D.C. 2012). An amendment is futile when it "would waste time and judicial resources because the complaint must fail, as a matter of law, in light of the record in the case[.]" *Boykin v. Gray*, 895 F. Supp. 2d 199, 204 (D.D.C. 2012), *aff'd* 650 F. App'x 42 (D.C. Cir. 2016) (internal quotations omitted). Thus, a request to amend should be denied where the new claim is nothing more than a "repackaged" version of a claim already foreclosed by binding precedent. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (claim was futile where it "merely restates the same facts as the original complaint in different terms").

4. Plaintiffs' motion for leave to amend—most notably to add another APA claim—should be denied as futile. As explained in Defendants' opposition to Plaintiffs' TRO, PI, and partial summary judgment motion, the newly asserted APA claim suffers from the same deficiencies as the APA claims previously asserted. They are precluded by the ICA, they are outside the zone-of-interests, and Plaintiffs have identified no final or discrete agency action in their current challenge. And, in any event, there has been no unreasonable delay, under the relevant precedent. *See Telecomm. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

For the reasons stated, this Court should deny Plaintiffs' Motion for Leave to File a Second Amended Complaint.  A proposed order is submitted.

Dated: August 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*