# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

## DECLARATION OF JEREMY LEWIN

I, Jeremy Lewin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. This declaration is based on my personal knowledge and information provided to me in my official capacity by others.

2. I am currently performing the duties of the Under Secretary of State for Foreign Assistance, Humanitarian Affairs, and Religious Freedom and serving as a Senior Advisor to the Secretary and the Director of Foreign Assistance. In my current roles, I oversee the management of foreign assistance resources appropriated to the Department of State (State) and the United States Agency for International Development (USAID); assist the Secretary in exercising his duties under the Foreign Assistance Act; serve as the senior-most advisor to the Secretary on foreign assistance, democracy, migration and values-based diplomacy issues around the world; and oversee several State Department functions including the bureaus of Democracy, Human Rights, and Labor, Population, Refugees, and Migration, Global Health Security and Diplomacy, and the offices of Foreign Assistance Oversight and Global Food Security.

3.     From January 30, 2025, until August 28, 2025, Secretary of State Marco Rubio was designated by President Trump as the Acting Administrator of USAID. On August 28, 2025, pursuant to the Federal Vacancies Reform Act, President Trump designated Director of the Office of Management and Budget (OMB) Russell Vought to serve as the Acting Administrator of USAID. While Secretary Rubio was Acting Administrator, from March 2025 through August 29, 2025, I performed the duties and functions of Deputy Administrator and Chief Operating Officer of USAID. After the President designated Director Vought as USAID Acting Administrator, following Secretary Rubio, I returned full-time to the Department of State.

4.     As of August 28, 2025, State and USAID had approximately $10.5 billion in remaining unobligated foreign assistance funds appropriated in titles III and IV of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2024 (Division F of Public Law 118-47), the Full-Year Continuing Appropriations and Extensions Act, 2025 (Public Law 119-4), and supplemental appropriations including Making Emergency Supplemental Appropriations for the Fiscal Year Ending September 30, 2024, and for Other Purposes (Public Law 118-50) (incorporating H.R. 8035, the "Ukraine Supplemental" and H.R. 8035, the "Israel Supplemental.")

5.     On August 28, 2025, President Trump transmitted a special message to Congress proposing the rescission of approximately $4 billion of this amount. These funds are now withheld from obligation pursuant to the Impoundment Control Act (ICA). This includes all unobligated funds that will expire after September 30, 2025 contained in the Development Assistance (DA), Democracy Fund (DF), and Peacekeeping Operations (PKO) accounts. If State or USAID were to obligate these unavailable funds, I understand that would represent an

obligation in excess of apportionments approved by OMB, and thus a potential violation of the Anti-Deficiency Act, 31 U.S.C. § 1341 et. seq.

6. Consistent with available authorities, State and USAID are making best efforts to obligate the remaining $6.5 billion in expiring appropriated balances for foreign assistance by September 30, 2025. State expects to be able to obligate substantially all these funds before their expiration.

7. Secretary Rubio and I have already given appropriate approval for plans to obligate the full amounts in these assistance accounts. Put another way, the Secretary and I have already given appropriate policy direction for the allocation of all available expiring funds to specific purposes and programs.

8. I understand from career staff that they expect these plans for expiring foreign assistance balances can reasonably be implemented before the end of the fiscal year, with legally sufficient obligations made on or before September 30, 2025. Staff are working as quickly as possible to complete necessary technical and legal steps to facilitate the timely obligation of funds. These include technical budget and program work, preparing Congressional Notifications (CNs) and consulting with Congress, seeking apportionments from OMB, negotiating bilateral diplomatic and interagency agreements, and completing required financial and related systems steps. State and USAID have already notified Congress regarding our plans for the obligation of approximately $2 billion of these funds and are preparing additional CNs, where such notifications are required.

9. I understand that some of these accounts, including Foreign Military Financing (FMF), are restricted by statute for activities for which plaintiffs would not appear be in a position to compete. Furthermore, for all accounts, given how far along our plans to timely

obligate expiring balances are, with policy approvals already completed, State does not expect to open up solicitations or otherwise offer any additional opportunity to "compete" for funding from expiring balances before obligations for all funds are made.

10. I understand that in past years, some amount of foreign assistance funding lapses for operational or other reasons. Reserving the possibility that this may occur, as it typically does, for limited amounts from these foreign assistance accounts, State and USAID expect to be able to obligate substantially all of the remaining expiring foreign assistance funds before they expire.

I declare that the foregoing is true and correct to the best of my knowledge.

Dated: August 31, 2025

Jeremy Lewin