# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

## JOINT STATUS REPORT

At the August 29 status conference, this Court directed the parties to submit a joint status report today, September 4, providing (1) the parties' views on next steps with regard to Defendants' motions to dismiss, and (2) information on the different categories and subcategories of foreign assistance appropriations as relevant to the preliminary injunction.

As to the first issue, the parties in both cases agree and respectfully request that the Court direct the parties to propose a new schedule for Defendants' motions to dismiss on or before Monday, September 15, 2025.

1

As to the second issue, the Court requested information about the appropriations at issue, with statutory cites, and the relevant expiration dates. The Court also requested that the government provide information about which categories are within the rescission notice, and which are within the government's purported plan for obligation.

Defendants prepared the attached table.

The parties also provide the below separate statements.

**<u>Defendants' Statement:</u>**

1.     In response to the Court's questions at the August 29 telephonic hearing, Defendants prepared a summary description for the account headings and provisions "earmarking" funds to particular purposes as to pertinent foreign assistance funds appropriated in Division F of the Further Consolidated Appropriations Act of 2024 (FCAA) and expiring on September 30. Defendants undertook those preparations prior to this Court's Memorandum Opinion and Order of September 3 (AVAC Doc. 145, GHC Doc. 139).  Accordingly, the summary descriptions included in the table being filed today reflect Defendants' plans predating that Order.  Defendants provide the summary description of those plans while reserving all of their arguments concerning the Order, from which Defendants have appealed.

2.     Defendants do not construe the Court's questions at the August 29 telephonic hearing to concern funds appropriated in statutes other than the FCAA, which was the only appropriations statute addressed in the Court's March 10 preliminary injunction.

3.     With respect to certain earmarks, Defendants noted in the summary that they "[p]lan to obligate all expiring funds associated with this earmark, subject to potential deviation consistent with available authorities."  The available authorities to deviate from an earmark depend on the provision.  In some cases, there is explicit authority to deviate in the provision—for example, the authority to deviate from table allocations under section 7019(b) of the FCAA or

from sectoral earmarks under section 7060 and section 7061 of the FCAA. In other cases, other authorities may be available to deviate from the earmark, subject to meeting any applicable requirements, such as in section 614 of the Foreign Assistance Act (authorizing the President to furnish certain foreign assistance without regard to any provision of the Foreign Assistance Act and any Act appropriating funds for use under the Foreign Assistance Act if various requirements are met, including consultation with Congress).

4.     Defendants note that, prior to the Order, they planned to attribute funds in the rescission proposals transmitted with the President's special message of August 28 to earmarks and table allocations.

5.     As outlined in the summary, prior to the Order, the Defendants planned to obligate the expiring foreign assistance funds (other than funds included in the proposed rescission) prior to September 30 and consistent with applicable requirements, including any applicable congressional consultation and notification requirements.  Defendants note that the instruments obligating these funds may cover a broad range of activities, including activities to meet applicable earmarks and table allocations, although those instruments may not specifically address or identify funds for individual earmarks and allocations.  In those cases, Defendants may rely on subsequent means (such as subawards) after September 30 to address such an earmark or allocation by applying funds to more specific programs and activities consistent with the earmark or allocation, subject to meeting any congressional notification or other requirements that may apply to the relevant earmark or allocation.

6.     Absent specific direction from Congress to the contrary, Defendants may (and the State Department often does) attribute funds to more than one earmark or allocation where the planned activities meet the relevant requirements.

3

**Plaintiffs' Statement**

Plaintiffs received Defendants' above statement at 10:13 PM this evening, with no prior indication as to what it would say, and therefore have not had sufficient time to fully evaluate Defendants' submission. Plaintiffs reserve the right to supplement their statement after having had sufficient time to review Defendants' statement. There are several issues immediately apparent, however.

First, Defendants have refused to provide any information on the nature and amounts of funds from prior appropriations acts that will expire on September 30, 2025. In email correspondence earlier today, Defendants stated that they were not providing this information because Plaintiffs indicated at the hearing last week that their motion would be limited to funds from the 2024 Appropriations Act. Plaintiffs responded by noting that *GHC* Plaintiffs' counsel explicitly said otherwise. *See* Hr'g Tr. 11:7–11. Now, Defendants assert that they are not providing this information because it was not addressed at the hearing prior to the March 10 preliminary injunction. That is a non-sequitur. The Court's preliminary injunction requires Defendants to meet their legal duties to obligate the expiring funds from these prior appropriations acts. There is no legitimate reason why Defendants would not provide this information to the Court, given that expiring funds from prior appropriation acts are subject to the Court's injunction. This information, moreover, is uniquely in the government's control.

Second, paragraph 5 of Defendants' statement confirms that, prior to the Court's September 3 preliminary injunction, they had decided not to obligate the expiring funds for the specific or minimum amounts that Congress required in Section 7019(a) and Sections 7030 to 7061. Defendants state that they intended to obligate funds in a manner that "may not specifically address or identify funds for individual earmarks and allocations," and that they "may"—and, by

implication, also may not—"rely on subsequent means (such as subawards) after September 30 to address such an earmark or allocation by applying funds to more specific programs and activities consistent with the earmark or allocation." If Defendants continue to take this approach, it would violate the Court's September 3 order. The Court's order—and the appropriations acts—require Defendants to obligate by September 30 "the minimum or specific expiring funds that Congress required the agency Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030–7061 of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts."

*    *    *    *    *

Dated: September 4, 2025

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General, Civil
Division

ALEXANDER K. HAAS
Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
John Robinson (D.C. Bar 1044072)
Nina Cahill (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com

William C. Perdue (D.C. Bar 995365)
Sally L. Pei (D.C. Bar 1030194)
Samuel M. Witten (D.C. Bar 378008)
Stephen K. Wirth (D.C. Bar 1034038)
Dana Kagan McGinley (D.C. Bar 1781561)
Allison Gardner (D.C. Bar 888303942)
Daniel Yablon (D.C. Bar 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
stephen.wirth@arnoldporter.com

*Counsel for Plaintiffs in Case No. 25-402*

*/s/ Lauren E. Bateman*
Lauren E. Bateman (D.C. Bar 1047285)
Allison M. Zieve (D.C. Bar 424786)
Nicolas A. Sansone (D.C. Bar 1686810)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
Tel: (202) 588-1000

*Counsel for Plaintiffs in Case No. 25-400*