# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Global Health Council, et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>Donald J. Trump, et al.,  )<br>  )<br>Defendants  ) | Civil Action No. 25-cv-402 (AHA) |

## DECLARATION OF JOHN DOE

I, John Doe, declare the following under penalties of perjury:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I have expertise and significant experience with the United States Agency for International Development and the Department of State's foreign assistance budgets, programs, and legislative requirements, and I am currently employed by the Department of State.

3. The Department of State, Foreign Operations, and Related Programs Appropriations Act, 2024, (FY 2024 SFOAA) (Division F of P.L. 118-47) contains numerous provisions that require funds to be made available for particular programs and purposes. These requirements include minimum funding levels described in sec. 7019(a):

> Subject to subsection (b), funds appropriated by this Act under titles III through V shall be made available in the amounts specifically designated in the respective tables included in the explanatory statement described in section 4 (in the matter preceding division A of this consolidated Act): *Provided*, That such designated amounts for foreign countries and international organizations shall serve as the amounts for such countries and international organizations transmitted to Congress in the report required by section 653(a) of the Foreign Assistance Act of 1961, and shall be made available for such foreign countries and international organizations

notwithstanding the date of the transmission of such report.

4. The FY 2024 SFOAA provides in sec. 7019(b) an authority to deviate from these amounts:

> Unless otherwise provided for by this Act, the Secretary of State and the Administrator of the United States Agency for International Development, as applicable, may only deviate up to 10 percent from the amounts specifically designated in the respective tables included in the explanatory statement described in section 4 (in the matter preceding division A of this consolidated Act): *Provided*, That such percentage may be exceeded only if the Secretary of State or USAID Administrator, as applicable, determines and reports in writing to the Committees on Appropriations on a case-by-case basis that such deviation is necessary to respond to significant, exigent, or unforeseen events, or to address other exceptional circumstances directly related to the national security interest of the United States, including a description of such events or circumstances: *Provided further*, That deviations pursuant to the preceding proviso shall be subject to prior consultation with, and the regular notification procedures of, the Committees on Appropriations.

5. FY 2024 SFOAA sec. 7019(d)(3) provides further limits on this deviation authority in regard to amounts designed for "Global Programs" in the table under the heading "Economic Support Fund" in the explanatory statement. It explicitly states that the provisos in sec. 7019(b) that allow for deviations in excess of the specified percentage are not applicable to such designated amounts:

> With respect to the amounts designated for "Global Programs" in the table under the heading "Economic Support Fund" included in the explanatory statement described in section 4 (in the matter preceding division A of this consolidated Act), the matter preceding the first proviso in subsection (b) of this section shall be applied by substituting "5 percent" for "10 percent", and the provisos in such subsection (b) shall not apply.

6. The explanatory statement referenced in these sections ((https://www.congress.gov/118/crec/2024/03/22/170/51/CREC-2024-03-22-bk2.pd) includes amounts designated for the following "Global Programs" in the table under the heading "Economic Support Fund": $3,000,000 for Atrocities Prevention; $5,000,000 for Conflict and Stabilization Operations; $51,050,000 for Family Planning/Reproductive Health; $5,000,000 for Global Surface

Water Inventory; $2,300,000 for the House Democracy Partnership; $1,000,000 for Information Communications Technology Training.

7. I have personal knowledge that Jeremy Lewin – Senior Official, Undersecretary for Foreign Assistance, Humanitarian Affairs, and Religious Freedom (F) and Director of Foreign Assistance – made a determination that deviations of more than 5 percent for these Global Programs are necessary.

8. The FY 2024 SFOAA also contains additional provisions that require funds to be made available for particular programs, countries, and sectors in sec. 7030 through sec. 7061, many of which are required to funded from funds appropriated by the Act, under Title III of the Act, or under particular headings (e.g. Development Assistance) of the Act. These include directives such as those for Basic Education in sec. 7060(a)(1)(A), Higher Education in sec. 7060(a)(2), Food Security and Agricultural Development in sec. 7060(d)(1), Water and Sanitation in sec. 7060(i), Sustainable Landscapes in sec. 7061(d), and Adaptation in sec. 7061(e). The "pocket rescission" proposed on August 29, 2025, includes $3.2 billion in Development Assistance. I have personal knowledge that the Department of State intends to attribute such funds included in the proposed rescission to many of the statutory directives in sec. 7030 to sec. 7061, even if the statutory directive does not require using appropriations solely or at all from the relevant category of appropriations in the rescission proposal, and that the Department of State will take the position that they need not comply with the directive because the funds they had attributed to the directive have been rescinded. For example, sec. 7061(e) states, "Of the funds appropriated under title III of this Act, not less than $256,500,000 shall be made available for adaptation programs". Under the approach described above, the Department of State would attribute the majority, if not all, of the unobligated balances from this $256,500,000 directive to the funds included in the rescission

proposal, and then claim they do not need to spend such funds on adaptation programs. Even if it were impossible to comply with all funding directives without attributions from some of the funds in the proposed rescission (a calculation I have not done), the approach being utilized is to maximize the number and amount of funding directives tied to funds proposed for rescission. Illustratively, if a funding directive of $100,000,000 had been previously, or historically, planned to be met through $75,000,000 from Development Assistance and $25,000,000 from the Economic Support Fund, the approach being deployed would be attribute all $100,000,000 to Development Assistance so that it could be rescinded and not spent for the intended purpose in the legislation.

9. I have seen the Congressional Notification for the expiring funds not subject to the proposed rescission – funds appropriated under the Economic Support Fund heading of the FY 2024 SFOAA – and the programming focus is on diversifying critical minerals supply chains, promoting strategic infrastructure investment, countering the People's Republic of China's influence on the telecommunications and energy industries, addressing immigration issues, mitigating Iran's influence, and supporting cyber, democracy, economic growth, and education programs. There are no references to plans for programming in multiple areas subject to statutory directives, including areas such as Adaptation, Sustainable Landscapes, Clean Energy, and Biodiversity.

September 19, 2025

/s/John Doe

John Doe