IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**DEFENDANTS' RESPONSE TO ORDER OF SEPTEMBER 20, 2025**

Defendants have repeatedly made clear that they fully intend to comply with the unstayed portion of this Court's injunction—in other words, that they are taking steps to obligate the foreign-assistance funds set to expire on September 30, 2025, other than those covered by the President's pending rescission proposal. Plaintiffs nonetheless filed a motion for an order to show cause, questioning whether Defendants will so comply. Doc. 151. That motion is baseless. Plaintiffs' assertions of non-compliance are unsubstantiated and mistaken. Consistent with this Court's Order of September 20, Defendants now "respond to each asserted area of noncompliance, including how each is impacted by the pending application before the Supreme Court and the partial stay in place." Defendants also briefly address additional deficiencies in the motion in Point II below.

**I.  THE NONCOMPLIANCE CONTENTIONS ARE MERITLESS**

**A.** Plaintiffs contend (Mem. 15-16) that Defendants intend to deviate by more than the 5% statutorily permissible benchmark from the amounts designated for "Global Programs funded by the Economic Support Fund." As Defendants promptly advised Plaintiffs, however, there was an error in that regard in the determination relating to deviations from those amounts; the Department of State will correct the error, and Defendants do not plan to rely on the determination with respect to deviations from the amount allocated for Global Programs in the Economic Support Fund

1

account. Instead, the Department will allocate funds consistent with the 5% limit on deviations from those amounts or other available authorities. Declaration of Jeremy Lewin ¶ 8 (filed today) ("Lewin 9/21 Decl."). There is no basis for any further judicial action.

**B.** Plaintiffs also contend (Mem. 10-14) that Defendants do not intend to fully comply with all of the earmarks found in §§ 7030 through 7061 of Division F of the Further Consolidated Appropriations Act of 2024 (FCAA), 138 Stat. at 780-842. That contention is misleading, because the earmarks are impacted by the President's rescission proposal, and in turn by the Chief Justice's administrative stay of this Court's September 3 preliminary injunction "for funds . . . subject to the President's August 28, 2025 recission proposal currently pending before Congress," 2025 WL 2601022 at *1. The earmarks provide further direction on the minimum sums appropriated for certain purposes, on the premise that all of the appropriated funds are available for obligation. But some $4 billion are subject to the President's rescission proposal "currently pending before Congress," and are withheld from obligation, consistent with the Impoundment Control Act. *Id*. Defendants must therefore attribute some funds included in the rescission proposal to these earmarks; indeed, it would be mathematically impossible for Defendants to adhere to all of the earmarks while still withholding funds, consistent with the President's rescission proposal and the Impoundment Control Act. Lewin 9/21 Decl. ¶¶ 4, 9.

For example, the rescission proposal "would rescind $3.2 billion of the $3.9 billion appropriated in FY 2024 for Development Assistance (DA)" (*see* Doc. 129-3 at 16), and $320 million of the $340 million "appropriated in FY 2024 for the Democracy Fund (DF)" (*see* Doc. 129-3 at 6 ($188 million), 7 ($132 million)) for reasons the President specified. To adhere to earmarks that apply to those DA and DF accounts would therefore require Defendants to obligate funds that the President has proposed for rescission.

2

Plaintiffs appear to recognize this general principle, but take issue with how they believe Defendants are attributing funds to meet the earmarks. Their objections are misguided. Defendants are reasonably attributing funds included in the President's rescission proposal to these earmarks based on the nature of the accounts, existing plan levels, and historical spending for the accounts. Lewin 9/21 Decl. ¶ 9. In any event, because Plaintiffs' contention concerns "funds . . . subject to the President's August 28, 2025 recission proposal" (*i.e.*, how to implement earmarks with respect to funds that fall within the scope of that rescission proposal), it would be improper for this Court to fashion compliance relief in the face of the Supreme Court's administrative stay. Plaintiffs are free to seek clarification or modification from the Supreme Court if they take issue with how Defendants are accounting for the President's rescission proposal.

**C.** Plaintiffs further contend (Mem. 16) that Defendants have not sufficiently disclosed "their obligation plans" for expiring funds appropriated in statutes predating the FCAA. But there is no disclosure obligation in the injunction. And Plaintiffs do not provide any basis for contradicting Defendants' consistent representations that they are committed to obligating all expiring funds that are not included in the President's rescission proposal. Lewin 9/21 Decl. ¶¶ 4, 6. Defendants understand the injunction and have made clear they intend to comply; Plaintiffs are not entitled to real-time monitoring of that compliance.

**D.** Finally, Plaintiffs object (Mem. 14-15) to the notion that Defendants may obligate some appropriated funds using instruments that do not themselves implement or specifically address the statutory earmarks or allocations, and then use sub-obligations under those instruments to comply with those earmarks and allocations. But there is nothing unusual or improper about proceeding in that way. Lewin 9/21 Decl. ¶ 10. So long as the expiring funds are obligated before September 30, 2025, and are ultimately utilized consistent with all applicable statutory earmarks and

directives, there is no basis for an objection to Defendants' discretionary choices about the manner in which earmarks are addressed in the obligating instruments, and no non-compliance with the preliminary injunction.

## II. PLAINTIFFS' REMEDIAL REQUESTS FAIL FOR ADDITIONAL REASONS

Fundamentally, Plaintiffs have not established that they have Article III or third-party standing to seek the requested enforcement relief. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024). Even assuming they had standing to seek the injunction, that does not mean they necessarily also have standing to enforce every asserted compliance detail. For example, they do not tie historical awards received by any Plaintiff to particular earmarks they claim Defendants are failing to meet. Instead, they appear to argue that they possess standing "in gross" to obtain enforcement relief as to virtually every clause of the expiring appropriations statute, which is incorrect. *See id.*

Moreover, insofar as they seek additional disclosures about how Defendants are complying with the injunction, Plaintiffs have no basis for disregarding the deliberative process privilege that, as Defendants have previously described (Doc. 99 at 15-18), protects, among other things, the ongoing discussions between Defendants and pertinent committees in Congress regarding the obligation of expiring funds.

Additionally, Plaintiffs' proposal (Mem. 19) for a deposition of Jeremy Lewin remains deficient for the reasons Defendants previously described in their supplemental brief concerning GHC Plaintiffs' previous motion to enforce the preliminary injunction. *See* Doc. 119 (discussing *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). Again, insofar as the Court finds that factual questions remain open for purposes of the motion, the proper step would be at most to order GHC Plaintiffs to serve Defendants with interrogatories focused on those questions.

## CONCLUSION

For the reasons stated, the motion for an order to show cause should be denied.

Dated: September 21, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*