# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

      *Defendants*.

Civil Action No. 25-00402 (AHA)

## Order

On September 3, 2025, the Court issued a preliminary injunction requiring the agency Defendants to:

> make available for obligation and obligate, by September 30, 2025, for the uses and purposes specified by Congress: (1) the expiring funds Congress appropriated for foreign assistance programs in the fifteen categories of appropriations specified in the *Global Health* Plaintiffs' motion from Title III and Title IV of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the relevant appropriation through duly enacted legislation; and (2) the minimum or specific expiring funds that Congress required the agency Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030–7061 of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, with the exception of the subcategories of funds for which no Plaintiffs would compete as identified in *Glob. Health*, ECF No. 133-2, unless Congress rescinds the relevant appropriation through duly enacted legislation.

*AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, __ F. Supp. 3d __, __, No. 25-cv-00400, 2025 WL 2537200, at *20 (D.D.C. Sept. 3, 2025). Defendants appealed and sought a stay of the injunction, which the D.C. Circuit denied. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, No. 25-5317, 2025 WL 2600116, at *1 (D.C. Cir. Sept. 5, 2025). Defendants then filed an application

in the Supreme Court, this time requesting a partial stay of the injunction insofar as it applies to roughly $4 billion in foreign aid funds the President has proposed for rescission. The Chief Justice issued an order partially staying the injunction "for funds that are subject to the President's August 28, 2025 recission proposal currently pending before Congress." *Dep't of State v. AIDS Vaccine Advoc. Coal.*, __ S. Ct. __, __, No. 25A269, 2025 WL 2601022, at *1 (U.S. Sept. 9, 2025). That partial stay remains in effect "pending further order of the [Chief Justice] or of the Court." *Id.*

Plaintiffs have moved for an order to show cause concerning Defendants' compliance with the Court's injunction. ECF No. 151. They identify four areas in which "there are substantial grounds to question Defendants' compliance" with the portions of the injunction that are not stayed. ECF No. 151-1 at 10. Plaintiffs ask the Court to issue an order to show cause "to obtain information and evidence from Defendants relevant to their compliance." *Id.* at 17. The motion is granted in part and denied in part.

First, Plaintiffs say Defendants would violate the injunction if they assign appropriations in the rescission proposal to Congress's statutory earmarks in sections 7030 to 7061 of the Further Consolidated Appropriations Act of 2024, Pub. L. No. 118-47, 138 Stat. 460, even where other appropriations could be used to satisfy those earmarks. ECF No. 151-1 at 10. For example, section 7060(a)(3) provides that "[o]f the funds appropriated by this Act under the headings 'Development Assistance', 'Economic Support Fund', and 'Assistance for Europe, Eurasia and Central Asia', not less than $7,000,000 shall be made available for scholar rescue programs." 138 Stat. at 839. As Plaintiffs describe it, Defendants' plan would be to designate Development Assistance funds (which are included in the rescission proposal) to meet the full $7 million requirement, instead of using Economic Support funds (which are not in the rescission proposal). ECF No. 151-1 at 11; *see* ECF No. 151-2 ¶ 8. Then, if the Development Assistance funds are deemed rescinded,

Defendants would spend no money at all on scholar rescue programs, and they could use the $7 million from the Economic Support funds for other purposes that do not cover any specific earmark. ECF No. 151-1 at 11–12.

Defendants respond that the earmarks operate on the premise that all appropriated funds are available for obligation. ECF No. 153 at 2. Since some appropriated funds have been proposed for rescission, Defendants say, it would be "mathematically impossible" to satisfy all the earmarks while still withholding funds consistent with the President's rescission proposal. *Id.*; *see* ECF No. 153-1 ¶ 9.

The dispute between the parties, then, concerns the extent to which funds that are proposed for rescission may be applied to Congress's statutory earmarks. One interpretation is that funds proposed for rescission cannot be applied to any earmarks. A second interpretation is that funds proposed for rescission can be applied to earmarks only as necessary to allow Defendants to withhold all funds in the rescission proposal. *See* ECF No. 151-1 at 13 (Plaintiffs arguing that "even if it is impossible to meet all directives without some funds in the rescission proposal, Defendants still must comply with as many of the directives as possible using eligible and available appropriations"). And a third interpretation, which Defendants seem to embrace, is that funds proposed for rescission can be applied to Congress's earmarks freely, relieving Defendants in some cases of the obligation to satisfy that earmark. *See* ECF No. 153 at 3 (Defendants stating that they "are reasonably attributing funds included in the President's rescission proposal to these earmarks based on the nature of the accounts, existing plan levels, and historical spending for the accounts"); ECF No. 153-1 ¶ 9.

But none of these interpretations flow from this Court's preliminary injunction. Under the injunction, Defendants were required to obligate all appropriated funds, independent of whether

they had been proposed for rescission, and to satisfy all of Congress's statutory earmarks. *AIDS Vaccine*, 2025 WL 2537200, at *14–16, *20. The Chief Justice has partially stayed that injunction for "funds that are subject to the President's August 28, 2025 recission proposal." It would thus be inappropriate for this Court to direct Defendants as to how to spend or designate the funds proposed for rescission, or fashion other relief based on Defendants' compliance as to those funds. Instead, as Defendants recognize, any issue concerning Defendants' implementation of the rescission proposal, and therefore grounded in the partial stay, should be addressed to the Supreme Court. *See* ECF No. 153 at 3 ("Plaintiffs are free to seek clarification or modification from the Supreme Court if they take issue with how Defendants are accounting for the President's rescission proposal.").

Second, Plaintiffs object to Defendants' stated plan to use "instruments" that "may not specifically address or identify funds for individual earmarks and allocations." ECF No. 151-1 at 14 (quoting ECF No. 145 at 3). Defendants have indicated that they may "rely on subsequent means . . . *after September 30* to address such an earmark or allocation by applying funds to more specific programs and activities consistent with the earmark or allocation." *Id.* (omission in original) (quoting ECF No. 145 at 3). In Plaintiffs' view, this approach would impermissibly allow Defendants to "park vast sums of appropriations for unidentified purposes by September 30, and then, at some later point, decide whether or not to spend the money for the purposes that Congress intended." *Id.* at 14–15.

The Court agrees that, for the roughly $6.5 billion not proposed for rescission and not subject to the partial stay, it would raise an issue of compliance with the injunction if Defendants were to refuse to spend those funds in accordance with the purposes set out by Congress. But it is not apparent what basis there is, at this point, to conclude that Defendants' plans would raise that

issue. To the extent Defendants intend to obligate funds now that will later be used to align with the congressionally mandated purposes, it is not clear why that would run afoul of the injunction's commands. And insofar as Plaintiffs' assertion that certain statutory earmarks may not be satisfied implicates funds proposed for rescission, this Court cannot provide any relief in light of the partial stay for the reasons already discussed. The Court also notes that, from the outset of this litigation, Plaintiffs have said this case is about "whether money is spent, not how money is spent." ECF No. 22 at 57. That further counsels against the kind of appropriation-by-appropriation monitoring Plaintiffs appear to contemplate.

Third, Plaintiffs state that Defendants still have not provided any information regarding foreign aid funds expiring on September 30, 2025, from pre-2024 appropriations acts. ECF No. 151-1 at 16. Defendants respond that they intend to obligate all expiring funds not included in the rescission proposal and that Plaintiffs are not entitled to "real-time monitoring." ECF No. 153 at 3. The point is well taken, but the Court notes that Defendants previously provided a summary of expiring appropriations for the 2024 act, and Plaintiffs appear to be seeking no more than that as it relates to prior acts. *See* ECF No. 145-1. Because the injunction—including the portions not subject to a stay—covers prior appropriations acts, confirmation of what will be obligated, at the same level of generality as Defendants' prior summary, is appropriate. Indeed, such information will aid in clarifying which appropriations and earmarks from prior acts are and are not implicated by the rescission proposal, so as to ensure that any disputes about funds from prior acts relate to the operative parts of the injunction and do not infringe on the partial stay.

Finally, Plaintiffs' motion raised concerns as to whether Defendants had determined that they would deviate from the statutory benchmarks for certain funds by more than the allowed percentage. ECF No. 151-1 at 15. Defendants have since clarified that there was an "error" in that

determination and that they will in fact allocate funds consistent with the statutory limit on deviations. ECF No. 153 at 1–2; *see* ECF No. 153-1 ¶ 8. In light of those representations, Plaintiffs state in their reply that they "do not pursue this issue further at this time." ECF No. 154 at 5.

*    *    *

For these reasons, Plaintiffs' motion for an order to show cause, ECF No. 151, is granted in part and denied in part. By September 25, 2025, Defendants shall file a summary of foreign aid funds expiring September 30, 2025, in pre-2024 appropriations acts. The summary shall include the same information provided as to the 2024 act in ECF No. 145-1. As in that summary, and in light of the rescission proposal and the partial stay, Defendants may note where appropriate that all expiring unobligated funds for a particular appropriation are included in the rescission proposal.


_____
AMIR H. ALI
United States District Judge

Date:    September 23, 2025