IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

## JOINT STATUS REPORT REGARDING
## SCHEDULE FOR FURTHER PROCEEDINGS

The parties respectfully submit this joint status report regarding the schedule for further proceedings in this case.

### Plaintiffs' Position

1.    Plaintiffs intend to file a motion for leave to file an amended complaint, together with a proposed third amended complaint, on or before December 12, 2025. Plaintiffs' forthcoming amended complaint will drop all of Plaintiffs' currently pending claims based on, or arising out of, the contracts, grants, cooperative agreements, and other awards that Plaintiffs previously held. The amended complaint will add claims related to Defendants' actions in August and September 2025 regarding appropriations that were originally set to expire on September 30, 2025, as well as a claim regarding Defendants' elimination of USAID as a whole. Thus, if leave to amend is granted, all of Plaintiffs' claims will be the types of claims for which Defendants have raised no Tucker Act defense in this litigation, because the claims will not relate to Defendants' actions toward particular contracts, grants, or cooperative agreements that Plaintiffs had with the government.

1

2.      Plaintiffs respectfully submit that Defendants' proposal—that the Court should hold this litigation in abeyance pending the issuance of the mandate from the D.C. Circuit in *Vera Institute of Justice v. Department of Justice*, No. 25-5248—is not appropriate because the issues presented in that case will not bear on Plaintiffs' forthcoming amended complaint. As Defendants stated in their joint status report in *AVAC* (No. 25-cv-400):

> The *Vera Institute* appeal concerns a suit challenging the Department of Justice's alleged mass termination of certain grants and cooperative agreements. Among the issues presented in that appeal are whether the District Court in that case "erred in concluding that the Tucker Act deprived it of jurisdiction over [Administrative Procedure Act (APA)] claims that seek to enforce rights under statutes and regulations and which ask the court to award the classic APA remedy of setting aside unlawful agency action." Appellants' Br. 4, *Vera Inst. of Justice v. DOJ*, No. 25-5248 (D.C. Cir. Aug. 11, 2025). Plaintiffs here raise APA claims challenging Defendants' alleged mass termination of foreign assistance awards, *see, e.g.*, ECF 86 ¶¶ 82–84, and Defendants have argued that the Tucker Act deprives this Court of jurisdiction over those claims, *see* ECF 101 at 16–30. The D.C. Circuit's resolution of the subject-matter jurisdiction issue presented in *Vera Institute* will accordingly inform this Court's resolution of issues in this case.

*AVAC* ECF 158.

3.      In this case, Defendants have raised the Tucker Act as a jurisdictional bar only with respect to Plaintiffs' claims based on their previously held awards (i.e., the suspension and termination of those awards). Because Plaintiffs intend to drop all of those claims, the D.C. Circuit's resolution of the Tucker Act issue presented in *Vera Institute* will not be pertinent to, let alone resolve, any issue that will remain in this case.

4.      Defendants also invoke "the practical similarity" between this case and the *AVAC* case, but once Plaintiffs amend their complaint, those similarities will no longer predominate.

5.      Plaintiffs intend to expeditiously pursue their remaining claims to ensure that they will be resolved sufficiently before the end of the next fiscal year. Defendants' proposal to hold this case in abeyance would increase the likelihood of additional emergency litigation prior to next October, which would serve neither the parties, nor the Court, nor the interests of justice. *See* PI

2

Op. at 38 n.9 (ECF 139).

6. Plaintiffs further oppose Defendants' request that they have until January 13, 2026, to file their response to Plaintiffs' mere motion to amend. There is no reason why Defendants would need more than two weeks to oppose or consent to a motion to amend the complaint. However, if Defendants' 14-day response deadline falls within one business day of an upcoming federal holiday, Plaintiffs would not object to Defendants' receiving a few additional days to file the response to the motion for leave.

7. For these reasons, Plaintiffs respectfully submit that the case should not be held in abeyance and that Plaintiffs should be permitted to file a motion for leave to file an amended complaint, together with a proposed third amended complaint, on or before December 12, 2025.

### Defendants' Position

1. Defendants respectfully request that the Court enter an order directing the parties to jointly file a status report with regard to a briefing schedule on GHC Plaintiffs' proposed motion for leave to amend their complaint or other proceedings in this case within five days of the issuance of the mandate from the D.C. Circuit in *Vera Institute of Justice v. Department of Justice*, No. 25-5248 (in which the Court of Appeals heard oral argument on October 14), because that decision would likely inform this Court's resolution of the legal issues presented by any amended complaint by *GHC* Plaintiffs. As explained in Point 1 of the *AVAC* Joint Status Report (Nov. 24, 2025) (AVAC Doc. 158), the D.C. Circuit's resolution of the subject-matter jurisdiction issue presented in *Vera Institute* will inform this Court's resolution of issues in this case. Although GHC Plaintiffs assert now that their proposed amendment complaint does not raise "termination" claims and on that basis assert that it does not implicate *Vera Institute*, the inquiry into subject-matter jurisdiction is not dependent on the particular label that Plaintiffs assign to their claim, so GHC Plaintiffs' labeling choice is not a valid reason for declining to adopt such a temporary stay.

2.      The Court's prior treatment of this case and AVAC also supports granting the requested stay. Given the practical similarity between the claims asserted in the AVAC and GHC actions, this Court heard argument on the AVAC Plaintiffs' motion for a temporary restraining order and a preliminary injunction together with argument on the GHC Plaintiffs' motion for such relief, and this Court's resulting orders of February 13, 2025, AVAC Doc. 17, and March 10, 2025, AVAC Doc. 60, concurrently addressed both actions. As another example, the D.C. Circuit consolidated the appeals from that preliminary injunction and vacated it in a single opinion. Accordingly, in light of the similarity between the actions, maintaining a common deadline for Defendants' responses to the expected GHC amended complaint, and to any further submissions AVAC Plaintiffs may make based on *Vera Institute*, would allow Defendants to efficiently coordinate and align those responses, and hence facilitate the proper evaluation of those responses by the parties and the Court.

3.      Alternatively, Defendants respectfully request that the Court grant Defendants sufficient time to review GHC Plaintiffs' proposed amended complaint before requiring Defendants to formulate a proposal for next steps concerning that pleading (which Defendants have had no opportunity to review). For example, until Defendants examine the proposed amended complaint, they will not know which Plaintiffs (individual organizations or associations) will allege the new injuries and claims, or which contracts or grants those Plaintiffs will allege as the purported basis for such new injuries and claims. In light of the upcoming holidays, Defendants ask that the Court provide them until Tuesday, January 13, 2026, to submit a response to GHC Plaintiffs' forthcoming motion for leave to amend their complaint.

| | |
|---|---|
| Dated: December 2, 2025 | Respectfully submitted, |
| */s/ Daniel F. Jacobson* | BRETT A. SHUMATE |
| Daniel F. Jacobson (D.C. Bar 1016621) | Assistant Attorney General |
| Stephen K. Wirth (D.C. Bar 1034038) | Civil Division |
| JACOBSON LAWYERS GROUP PLLC | |
| 5100 Wisconsin Ave., NW, Suite 301 | YAAKOV M. ROTH |
| Washington, DC 20016 | Principal Deputy Assistant Attorney General |
| Tel: (301) 823-1148 | Civil Division |
| dan@jacobsonlawyersgroup.com | |
| | ERIC J. HAMILTON |
| *Counsel for Plaintiffs* | Deputy Assistant Attorney General |
| | |
| | ALEXANDER K. HAAS |
| | Director |
| | |
| | */s/ Indraneel Sur* |
| | INDRANEEL SUR (D.C. Bar 978017) |
| | Senior Counsel |
| | JOSHUA N. SCHOPF (D.C. Bar 465553) |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | P.O. Box 883 |
| | Washington, D.C. 20044 |
| | Phone: (202) 616-8488 |
| | Email: indraneel.sur@usdoj.gov |
| | |
| | *Counsel for Defendants* |