# Exhibit 2

6/1/26, 11:30 AM
Case 1:25-cv-00402-AHA    Document 183-2    Filed 06/01/26    Page 2 of 5
Global Health Council v. Trump -- recent CN

 **Outlook**

---

### [Draft]  Global Health Council v. Trump -- recent CN

---

**From**      dan@jacobsonlawyersgroup.com

**Draft saved** Mon 6/1/2026 11:29 AM

**To**        Dan Jacobson <dan@jacobsonlawyersgroup.com>

**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Friday, May 29, 2026 9:57 AM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Schopf, Joshua N (CIV) <Joshua.N.Schopf@usdoj.gov>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>
**Subject:** RE: Global Health Council v. Trump -- recent CN

Hi Dan,

After conferring with the agencies, we note the following: the Congressional Notification you forwarded contains no new information. It is merely a legal requirement to notify Congress of USAID's intent to obligate funds to responsibly pay close out costs to partners with terminated awards and contracts. And we understand that these funds are indeed being used to pay out such costs in a responsible and prudent manner and that the agency wants those funds to go to partners with terminated awards and contracts before those funds expire.

Regardless, Defendants believe that all of the questions and issues that you now raise are addressed in Defendants' pending motion to dismiss, which has been fully briefed. We believe the parties should now await the Court's resolution of that motion.

Thank you,

Pierce

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Tuesday, May 26, 2026 11:38 AM
**To:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>; Schopf, Joshua N (CIV) <Joshua.N.Schopf@usdoj.gov>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>
**Subject:** [EXTERNAL] Re: Global Health Council v. Trump -- recent CN

Global Health Council v. Trump -- recent CN

Hi Pierce,

Just following up on this. Given that didn't hear back by last Friday, we're likely to bring this to the court in the next few days, absent some explanation from the government that eliminates our concerns.

Best,

Dan

---

**From:** Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Sent:** Tuesday, May 19, 2026 4:04 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; Schopf, Joshua N (CIV) <Joshua.N.Schopf@usdoj.gov>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>
**Subject:** RE: Global Health Council v. Trump -- recent CN

We will confer with our clients.

Thank you,

Pierce

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Tuesday, May 19, 2026 12:04 PM
**To:** Schopf, Joshua N (CIV) <Joshua.N.Schopf@usdoj.gov>; Stephen Wirth <stephen@jacobsonlawyersgroup.com>; Anon, Pierce (CIV) <Pierce.Anon@usdoj.gov>
**Subject:** [EXTERNAL] Global Health Council v. Trump -- recent CN

Joshua and Pierce,

I'm reaching out regarding the attached Congressional Notification that USAID sent to Congress on April 20. The CN indicates that USAID is essentially setting aside, and not obligating, over $19 billion, to have available to pay out closeout costs for terminated grants and contracts. A portion of this $19 billion reflects money

obligated but not disbursed on the terminated awards, and we don't have any immediate concerns about that money being held to pay closeout costs.

However, we are concerned about the other money being held, which includes: (1) $3.179 billion in FY25 money that expires on 9/30/26, broken down by $2 billion in global health money, and $1.179 billion in development assistance; (2) $625 million in money from FY 2024, some of which is still within the original period of availability (e.g., no-year money) and some of which reflects money recouped from awards; and (3) some undisclosed amount of money obligated to DOAGs but not yet sub-obligated for specific purposes;

We do not understand why USAID needs to set aside any of these three categories; i.e., why isn't the money obligated but not disbursed on the terminated awards sufficient to pay closeout costs? And we are particularly concerned about the FY25 money that expires on 9/30/26, and thus is likely to be impounded if kept in abeyance until all closeouts are complete.

We may need to bring this quickly to the court's attention, but we wanted to first reach out to see if the agencies can provide us some explanation why they are taking these actions. In particular, can you answer the following questions:

1. Why isn't the money obligated but not disbursed on the terminated awards sufficient to pay closeout costs? Can you provide specific examples where this wouldn't be sufficient? We note in this regard that the CN itself says the closeout costs "are anticipated to be substantially less than these total amounts."

2. On the $3.179 billion the FY25 global health and development assistance funds:

   1. Why did USAID choose these accounts to set aside billions of dollars for closeout costs?
   2. Why didn't USAID choose other accounts that are not expiring this year?
   3. Is it the case that USAID will not obligate any of these $3.179 billion until all terminated awards are closed out, as the CN appears to indicate? ("Unobligated and/or unliquidated funds that remain *after USAID has completed all closeout actions* may be used for other foreign assistance programs, such as those currently managed by the Department of State").
   4. What is the government's plan to ensure these amounts do not expire unobligated on 9/30/26?

3. For each of the three categories listed above, what exactly is USAID's authority to use these appropriations to pay closeout costs on terminated awards, including awards that were originally funded with entirely different appropriations? The CN has a string cite to various statutory provisions, but none of them appear to provide the authority claimed, so some specific explanation would be helpful.

We'd ask that you respond to these questions by EOD this Friday, May 22. Otherwise, we'll likely be compelled to bring this to the court's attention next week. If a phone call this week would be productive, please let us know and we'd be happy to hop on one.


Best,

Dan