**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-402 (AHA)

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' "NOTICE"**

Defendants hereby move to strike Plaintiffs' "Notice of USAID's April 2026 Congressional Notification," ECF No. 183.  Although stylized as a "Notice," the six-page filing makes legal arguments (along with mischaracterizations and unfounded assumptions) in opposition to Defendants' pending motion to dismiss.  The filing is therefore an improper sur-reply, and should be stricken from the record.  *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) ("Requests for judicial notice, notices of supplemental authority, and the like, cannot be used as a means for circumventing the showing that is required for securing leave to file a surreply.").

Not only were Plaintiffs required to seek leave of the Court before filing the "Notice," *see Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, n.2 (D.D.C. 2011) ("A party seeking to file a sur-reply must seek leave of the Court."); *see Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001), but even if they had, leave would not have been warranted.  In general, sur-replies are "disfavored."  *Glass v. Lahood,* 786 F. Supp. 2d 189, 231 (D.D.C.2011).  The party seeking to file a sur-reply must show that the reply filed by the moving party raised new arguments that were not included in the original motion.  *Crummey*, F. Supp. 2d at 63 ("[A] surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties.  Were that not true, briefing would become an

endless pursuit."); *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F.Supp.2d 61, 68 n. 3 (D.D.C. 2001). And the matter covered in the sur-reply "must truly be new." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). Plaintiffs cannot meet that standard here.

As for the Congressional Notification itself: Plaintiffs have long known that the Global Health Programs funding expires on September 30, 2026. Third Am. Compl. at ¶ 49. The "Notice" makes arguments regarding impoundment and non-obligation of funds, which are issues fully addressed by the parties' briefing on Defendants' pending motion to dismiss. *Compare* ECF No. 181 at 1 ("The CN thus strongly suggests that Defendants are engaging in a new tactic to unlawfully impound billions"), *with* ECF No. 174, Third Am. Compl. at 1-2 (Defendants' withholding of, and intent to impound, foreign assistance funds violates the relevant appropriations acts . . . ."); *id*. at 43 ("Defendants' decisions not to obligate foreign assistance appropriations in the amounts and for the purposes that Congress directed are arbitrary and capricious); ECF No. 176, Defs.' Mot. to Dismiss Part I.B (thoroughly discussing impoundment, along with the fact that the Supreme Court *and* the D.C. Circuit have already foreclosed Plaintiffs' impoundment theories regarding expiring foreign assistance funds); *see generally id.* Parts I.A-I (discussing nine independent reasons why the Court should dismiss Plaintiffs' funding claims); ECF No. 178, Pls.' Opp. Part I.B.1-2 (Plaintiffs noting that their arguments about impoundment more generally are not precluded by those higher courts' orders).

For all these reasons, Plaintiffs' "Notice," which is effectively a sur-reply, should be struck from the record. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) ("Because Plaintiff failed to file a motion for leave to file a sur-reply and because the proposed sur-reply merely reiterates arguments already made and does not add anything new, the court [should] strike[] the proposed sur-reply."); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001) (denying leave to file a sur-reply where the plaintiff failed to demonstrate that the defendant's reply presented any new matters). A proposed order is attached.

Dated: June 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

*/s/  Pierce J. Anon*
PIERCE J. ANON
JOSHUA N. SCHOPF
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-7573
Email: pierce.anon@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs,*

        v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-402 (AHA)

**[PROPOSED] ORDER**

On consideration of Defendants' Motion to Strike Plaintiffs' Notice (ECF No. 183), it is

hereby ORDERED that Defendants' motion is GRANTED.

It is further ORDERED that Plaintiffs' Notice, ECF No. 183, is stricken from the record.

**SO ORDERED.**

Dated this _____ day of June, 2026.

                _____

                AMIR H. ALI
                United States District Judge

1