**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>  *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**<u>PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE</u>**

The Court should deny Defendants' Motion to Strike (Dkt. 184). Plaintiffs filed a short Notice (Dkt. 183) to alert the Court to, and request that the Court take judicial notice of, a new public agency document: the April 2026 Congressional Notification (CN) (Dkt. 183-1). The CN became available after Plaintiffs filed their Opposition to the Motion to Dismiss and bears directly on the merits and urgency of Plaintiffs' claims. Plaintiffs' Notice is not an "improper sur-reply." *Contra* Mot. 1. It does not make new legal arguments in opposition to Defendants' Motion to Dismiss and does not respond to any arguments or assertions in Defendants' Reply. It does what notices of this kind are supposed to do: identify a new, judicially noticeable public record and briefly explain why it matters. *See Rancho Vista del Mar v. United States*, 640 F. Supp. 3d 112, 117 n.1 (D.D.C. 2022). Parties alert the Court to new, relevant factual developments all of the time.

Notably, Defendants do not dispute Plaintiffs' explanation of what the CN reveals and why it is relevant. Defendants do not dispute that the CN indicates that USAID is effectively freezing billions of dollars in expiring FY 2025 Global Health Programs and Development Assistance funds, ostensibly for potential use in paying closeout costs for terminated awards, even though sufficient other funds are available to cover these costs. Defendants offer no explanation for why USAID is choosing to reserve these *expiring* funds for this purpose. Defendants instead argue only that "Plaintiffs have long known that the Global Health Programs funding expires on September 30, 2026." Mot. 2. But the relevance of the CN is not this statutory expiration date; it is USAID's *newly disclosed* mechanism for preventing expiring appropriations from being timely obligated. The Court should deny Defendants' request to close the Court's eyes to this new information.

1

2

Dated: June 5, 2026                                Respectfully submitted,

                                                   */s/ Daniel F. Jacobson*
                                                   Daniel F. Jacobson (D.C. Bar 1016621)
                                                   Stephen K. Wirth (D.C. Bar 1034038)
                                                   John Robinson (D.C. Bar 1044072)
                                                   Nina C. Cahill (D.C. Bar 1735989)
                                                   JACOBSON LAWYERS GROUP PLLC
                                                   5100 Wisconsin Ave, Suite 301
                                                   Washington, DC 20016
                                                   Tel: (301) 823-1148
                                                   dan@jacobsonlawyersgroup.com

2