**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

## [Proposed] Order

Upon consideration of Plaintiffs' motion to complete and supplement the administrative record, it is hereby ordered that the motion is granted.

With respect to funds set to expire September 30, 2025, Defendants shall complete and supplement the administrative record with the following records:

1. All records directly or indirectly considered by Defendants in not obligating the funds included in the August 28, 2025 special message, including but not limited to documents showing who decided to not obligate these funds under the rubric of a pocket rescission (and when), who decided on the particular funds to put in the pocket rescission, for what reasons these funds were chosen, and other records pertinent to the decision to not obligate these specific funds.

2. All records showing how appropriations in the  August 28, 2025 special message was "attributed" to appropriations accounts, including to particular directives in Sections 7030–7061 of the appropriations statutes. These records should include the details regarding how much money from the special message was attributed to each and every directive to which the funds were attributed, as well as records reflecting the relevant decisionmaker(s) for attributing these funds, the process behind doing so, and the reasoning for these decisions.

3. All records directly or indirectly considered in deciding how to obligate the non-special-message funds set to expire on September 30, 2025. This category includes how and why these funds were obligated across the top-level categories of appropriations in Titles III and IV, the line items in the tables incorporated by reference in Section 7019(a), and the directives in Sections 7030–7061.

4. All records that Tricia Schmitt and Jeremy Lewin describe in their declarations relevant to how funds were obligated, including the September 30, 2025 inter-agency agreement between USAID and the State Department, records regarding the executed grants, cooperative agreements, and contracts (if not the entire agreements, records sufficient to show how much was obligated, to what recipient, and for what activities), and other pertinent materials that exist.

5. All records directly or indirectly considered concerning funds that expired on September 30, 2025 but were not obligated, including funds outside the special message. For instance, Defendants include a chart showing that $6,485,164 of Development Assistance funds lapsed on September 30, 2025, *see* AR 208, but the record contains no documentation of why or how that happened, or which decisionmaker(s) were involved.

With respect to funds set to expire September 30, 2026, Defendants shall complete and

supplement the administrative record with the following records:

6. All records reflecting the bases and methodology behind Defendants' determination that more than $19 billion needed to be reserved for paying closeout costs, including data showing how much money terminated awardees had requested in aggregate for not-yet-closed-out awards. Defendants must also add to the administrative record all relevant materials reflecting how and why the Global Health Programs and Development Assistance funds expiring this year were selected or reserved for paying closeout costs, and any analysis of whether using those funds for closeout would comply with the specific purposes and amounts required by Congress, including Section 7019(a) and Sections 7030–7061.

7. All records directly or indirectly considered by Defendants in deciding not to obligate funds, in the amounts prescribed by Congress, toward the directives in Sections 7030–7061 of the applicable appropriations acts and the line items in the tables incorporated by Section 7019(a) of those acts, including but not limited to records considered by Defendants in deciding not to fund the following initiatives: Feed the Future, Power Africa, American Schools and Hospitals Abroad, multilateral partnerships that support education, higher education programs, Family Planning/Reproductive Health, the Nita M. Lowey Basic Education Fund, Development Innovation Ventures, and the Advisor for Indigenous People's Issues. Defendants must also add to the administrative record documents considered in deciding to stop providing appropriations to the democracy and human rights bureaus at USAID and the State Department.

8. All records directly or indirectly considered in OMB's apportionment decisions for funds expiring on September 30, 2026 or relevant to apportionments that did not apportion the full amounts of funds that Congress appropriated for specific accounts and purposes, including emails, correspondence, memoranda, and other materials pertinent to the decisions to apportion funds that expire this year to "Unallocated" lines.

9. All records showing how State, USAID, or OMB has mapped, allocated, planned, or tracked funds expiring on September 30, 2026, onto the specific accounts, line items, and directives, including documents showing required amounts, actual obligations, decisions

2

3

to obligate funds prior to September 30, 2026, and data on the unobligated balances associated with each top-level appropriation, line item, and directive. In addition, the record must include an explanation for failing, or planning not, to make funds available for a specific statutory purpose.

_____

Amir H. Ali
U.S. District Judge