**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>    *Plaintiffs*,<br><br><br>    v.<br><br><br><br>DONALD J. TRUMP, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:25-cv-402 (AHA) |

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

**A. DEFINITIONS**

1. "Action" shall mean the case captioned *Global Health Council, et al., v. Donald J. Trump, et al.,* Civil Action No: 1:25-cv-402.

2. "Confidential Information" shall mean information that, at the time of its production in the administrative record or discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the

information:

    a.   is not in the public domain, or if in the public domain, is improperly in the public domain; and

       i.   is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

     ii.   is sensitive information that could reasonably be expected to provide a contractor or grant recipient an unfair business advantage;

   iii.   is information that could reasonably endanger diplomatic efforts or national security, provided that, if the Receiving Party challenges the designation, the Producing Party must articulate a specific basis for the designation (where such articulated basis itself may be designated as Confidential Information);

   iv.   is personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

    v.   is information that, if made public, could reasonably be expected to subject an individual to threats, harassment, or abuse.

   vi.   is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; or

  vii.   contractually protected information.

3.  "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make

2

available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7. "Producing Party" shall mean the person or party producing in discovery in the Action.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

**B. PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER**

9. This Protective Order applies to the administrative record, discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

10. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this

Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

11. Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any state or federal agencies or departments, or any division or office of any such agency or department, information or materials provided in this action, including those designated as Confidential Information under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any information provided in this action, including Confidential Information, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Disclosure of information or materials provided in this action, including those designated as Confidential Information under this Protective Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Confidential Information in a manner consistent with the terms of this Order.

12. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

13. The protections conferred by this Protective Order do not cover any information

a.  that is properly in the public domain;

b.  that properly becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or

c.  that is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

14. This Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial. *See also* paragraph 42 below (providing advance notice to Producing Party prior to use of Confidential Information in open court or in support of a dispositive motion).

15. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

16. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal.

17. Nothing in this Protective Order shall restrict the right of any Producing Party to

use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

18. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

19. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

20. Any party may at any time seek modification of this Order by motion to the Court.

### C. METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

21. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

22. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 2 of this Protective Order.

   A.  Upon entry of this protective order, Defendants shall be deemed to have designated the information regarding the 653(a) material already produced on July 9, 2026, as Confidential Information. Any handling restrictions regarding such information previously agreed upon by the parties shall dissolve upon entry of this

protective order.

23. Documents produced in the administrative record or discovery in this Action may be designated as containing "Confidential Information." For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of [Confidential] on at least the first page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall end with [Confidential].  The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with [Confidential] unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

24. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: [The following response is CONFIDENTIAL pursuant to the Court's Protective Order].

25. For depositions, designation of Confidential Information shall be made during the deposition on the record or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). All such designations of Confidential Information in a deposition shall

7

include the reason(s) for the assertion and shall list the specific pages and lines of the transcript and/or any exhibits that constitute Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to the terms of this Protective Order. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: [Confidential]. If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled [Confidential].

26. For any other Document or item produced in discovery in this Action not falling within Paragraphs 23, 24, or 25 above, designation of Confidential Information shall be made by labeling the item or the item's container with [Confidential].

27. After producing a document without the legend described in Paragraphs 23, 24, 25, or 26, a Producing Party may claim a document contains and must be treated as Confidential Information by notifying a Receiving Party in writing that the document is to be treated as containing Confidential Material.

28. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

**D.  CHALLENGING CONFIDENTIAL DESIGNATIONS**

29. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made but instead shall have sixty (60) days to do so. A failure to do so precludes a subsequent challenge thereto, unless the Challenging Party makes a showing of extraordinary circumstances to the Court.

30. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

31. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either maintain, withdraw, or modify the designation.

32. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

33. If the Challenging and Designating Parties cannot come to a resolution, the Challenging Party must, within 21 days of receiving the challenge, file a motion seeking a determination from the Court.

34. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

### E. DISCLOSURE, USE AND HANDLING OF CONFIDENTIAL INFORMATION

35. A Receiving Party may use Confidential Information only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

36. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

37. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a.  Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as legal assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    b.  Current employees of the Producing Party;

    c.  Current employees of the Parties who are assisting with respect to this Action;

    d.  Any person with prior authorized access to the Confidential Information;

    e.  Witnesses, potential witnesses, and deponents, including their counsel;

    f.  Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

g.  Photocopying, data processing, and other support services that are reasonably necessary in this Action;

h.  Retained expert witnesses and consultants;

i.  Mediators or arbitrators; and

j.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

38. Disclosure to the persons referenced in subsections 37(c)-(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

39. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it except in conformance with this Protective Order. If any Party seeks to publicly file with the Court any Confidential Information, or portions of pleadings, motions, or other papers that disclose such Confidential Information, that Party shall provide the Designating Party no less than ten calendar days' advance written notice of its intent to file such material. The Designating Party may then, within that ten calendar-day period, make an application to the Court requesting that the material be filed and kept under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. Under the rare, emergency circumstance, the Party seeking to disclose Confidential Information may, within the otherwise-applicable ten calendar-day notice period, file the material under seal provided that such Party transmits a two-day notice of

intent to file a sealed document under this provision to the other Party. If the Designating Party has not yet made an application to the Court requesting that the material be filed and kept under seal, the Designating Party must do so within the twenty calendar-day period following the filing of the document, or the material will be unsealed. The Parties will use their best efforts to minimize the need to file documents under seal.

40. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that either (a) the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party or subpoenaed person to disobey a lawful directive from this or another court.

41. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving five (5) days' notice to the producing party who, after a good faith effort to meet and confer, may seek additional relief from the Court. This requirement shall not prejudice the parties' use of Confidential Information in support of emergency proceedings, but the parties agree to use such confidential information only if filing under

seal.

### F.  INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

43. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

44. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, including instances of suspected or confirmed data breaches or cybersecurity incidents, the Receiving Party shall, upon learning of the unauthorized disclosure:

    a.  promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

    b.  promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

    c.  promptly after discovery of the unauthorized disclosure, notify the Producing Party and all other Parties of the identity of the person(s) to

whom the unauthorized disclosure was made, the circumstances surrounding the unauthorized disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## G. DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

45. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and cybersecurity functions. The Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party. The Receiving Party shall also file a certification of compliance for themselves and on behalf of any third-party to whom the Receiving Party further disclosed the information.

46.  For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

47. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; work product, including consultant and expert work product; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

48.  In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, consistent with 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Date: July _____, 2026

_____
Judge Amir H. Ali
U.S. District Court Judge

Dated: July 16, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Pierce J. Anon*
PIERCE J. ANON
JOSHUA N. SCHOPF
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-7573
Email: pierce.anon@usdoj.gov
*Counsel for Defendants*

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
Brian C. Rosen-Shaud (D.C. Bar 90042065)
Nina C. Cahill (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC

16

5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com
*Counsel for Defendants*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-402 (AHA)

CERTIFICATION

1.  My name is_____

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____ by _____
                                         (Print Name)

Signed_____