**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 25-cv-402 (AHA)

**PLAINTIFFS' MOTION TO COMPEL *EX PARTE* PRODUCTION OF DOCUMENTS
FOR IN CAMERA REVIEW, MOTION TO COMPEL PRODUCTION OF
UNREDACTED DOCUMENTS, AND MEMORANDUM OF LAW IN SUPPORT**

**MOTION**

As set forth in the Memorandum of Law below, Plaintiffs respectfully move for an order compelling Defendants to lodge with the Court, *ex parte* and under seal, unredacted copies of AR 558–60, 567–576, 865–867, 895–898, 1207, 1313–1328, 1394–1399, and 1422–1436 for in camera review, and ordering Defendants to remove all redactions for "nonresponsiveness."

Summary-judgment motions are due July 27, 2026. Because the redacted material may bear directly on issues to be addressed in those motions, Plaintiffs respectfully request expedited consideration of this motion.

Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel. Defendants stated that they would consent to in camera review on the condition that they be permitted until July 23, 2026, to file a brief defending the redactions. Plaintiffs could not agree to that schedule because it would not allow sufficient time for the Court to review the materials, resolve the dispute, and permit Plaintiffs to use any resulting disclosure in their summary-judgment motion due July 27. The parties therefore were unable to reach agreement, and Defendants stated that they oppose the motion.

A proposed order is attached.

**MEMORANDUM OF LAW**

This is a narrow dispute with a straightforward solution. Plaintiffs question redactions on 58 pages of the administrative record that Defendants have produced thus far, for which Defendants have invoked the deliberative-process privilege without providing sufficient information to assess those invocations. Plaintiffs ask only that Defendants lodge the unredacted material *ex parte* and under seal so the Court can inspect them in camera and determine whether any portions do not fall under the privilege and must be produced. Although Defendants have

2

redacted a far larger universe of materials, in the interest of time and efficiency, Plaintiffs are limiting their request at this time to a small subset of the redacted materials that seem, on first blush, most relevant to Plaintiffs' claims. Given the limited volume, Defendants' lack of a specific basis or justification, and facial indications that some of the withheld material are not predecisional and deliberative, in camera review is the simplest way to determine whether the remaining redactions are proper.

Additionally, the Court should order Defendants to unredact portions of documents that Defendants unilaterally deemed "nonresponsive." The parties specifically agreed that Defendants would produce the specified approval memoranda and their attachments subject only to redactions for privilege.

## BACKGROUND

On June 12, 2026, the Court ordered Defendants to produce the administrative record for Plaintiffs' funding claims by June 26. *See* 6/12/2026 Minute Order. After disputes arose concerning Defendants' initial production, the Court held further proceedings on July 2 and July 8, and the parties also met and conferred. The parties thereafter memorialized an agreement on the categories and schedule for the remaining production in a July 9 Joint Status Report, which the Court adopted. ECF No. 190; 7/9/2026 Minute Order.

Later that day, Defendants produced the first tranche of the supplemental record, including an April 16, 2026 memorandum approving transmission of the April 20, 2026 Congressional Notification. The April 16 memorandum was substantially redacted and included an attachment, which was fully redacted. *See* Ex. A (initial redacted version of AR 558–576). After Plaintiffs asked Defendants about those redactions, Defendants reviewed them again and, on July 13, disclosed several sentences of the memorandum that had previously been redacted as well as a description of the redacted attachment. *See* Ex. B (partially unredacted version of AR

3

558–576). The attachment, titled "Tab 2 – Notwithstanding and Authorities Cheat Sheet" (*see* AR 564), contains 10 pages that Defendants continued to redact in full, invoking the deliberative-process privilege. *See* AR 567–576. Defendants also claimed the privilege to maintain redaction of portions of the April 16 approval memorandum. *See* AR 558–560.

On July 16, Defendants produced the second tranche of the supplemental record, containing further redactions. These included:

- AR 750–768, concerning intended Democracy Fund spending, including funds expiring this year;

- AR 865–867, concerning explanations for deviations;

- AR 895–898, concerning PEPFAR operations costs;

- AR 1207, concerning a UNAIDS obligation;

- AR 1313–1328, concerning a congressional notification related to the America First Global Health Strategy (AFGHS);

- AR 1394–1399, a funds approval memo related to Global Health funds; and

- AR 1422–1436, concerning a congressional notification related to AFGHS programs.

As with the first tranche of materials, these documents contained substantial redactions, including several pages that were redacted in their entirety. *See, e.g.*, Ex. C at AR 1429–1436.

After Plaintiffs asked Defendants to identify the bases for these redactions, Defendants reexamined the documents. They agreed to lift all redactions from AR 750–768 and some redactions from AR 895–898 and 1313–1321. But Defendants maintained the remaining redactions, invoking the deliberative-process privilege as to all or part of AR 865–867, 895–898, 1207, 1313–1328, 1394–1399, and 1422–1436, and asserting that other portions of AR 895–898, 1313–1328, 1394–1399, and 1422–1436 are nonresponsive, including because some redacted material concerns fiscal years outside the relevant period.

4

Defendants have stated that they will provide Plaintiffs with the fully or partially unredacted versions of these documents by early next week. In the meantime, Plaintiffs have attached the documents, as originally redacted, as Exhibit C hereto.

## ARGUMENT

The Court should require Defendants to lodge unredacted copies of the disputed portions of AR 558–60, 567–576, 1207, 865–867, 895–898, 1313–1328, 1394–1399, and 1422–1436, *ex parte* and under seal for in camera review. Additionally, the Court should order Defendants to remove all redactions for "nonresponsiveness."

### A.    The Court Should Order In Camera Review.

The deliberative-process privilege protects only material that is both predecisional and deliberative. *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). It does not shield material that simply states or explains a decision already made; nor does it shield purely factual information. *Id.* Regardless of a document's label or when it was drafted, the privilege does not apply if the agency treated the document as its final position or gave it operative effect. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268–69, 272 (2021). The Government bears the burden of establishing the privilege and must identify the particular deliberative process, the document's role in that process, and the relationship between its author and recipient. *Judicial Watch, Inc. v. DOJ*, 20 F.4th 49, 54–57 (D.C. Cir. 2021).

District courts have broad discretion to resolve privilege claims through in camera inspection. *Juarez v. DOJ*, 518 F.3d 54, 60 (D.C. Cir. 2008). Direct review is particularly appropriate when the withheld material is limited and the Government's explanation alone does not permit the Court to resolve the privilege claim. *See Allen v. CIA*, 636 F.2d 1287, 1298–99 (D.C. Cir. 1980); *Judicial Watch*, 20 F.4th at 56–58 (ordering in camera review where the

5

Government's explanation was inadequate and the disputed attachments appeared relatively short).

Those principles favor in camera review here.

*First*, in camera review is by far the most efficient way to resolve this dispute. The challenged redactions comprise only 58 pages. *See* Exs. B, C. The Court can review that limited material directly and determine whether it reflects predecisional and deliberative information. That would be substantially more efficient than requiring Defendants to prepare document-specific declarations, followed by additional briefing over whether those declarations adequately establish the privilege—especially given that motions for summary judgment are due July 27.

*Second*, Defendants have provided no specific bases for their redactions. They have not identified the particular deliberative process implicated by each withheld portion, explained the role the material played in that process, or addressed whether the withheld material records a final decision or reflects reasoning the agency ultimately adopted. *See Judicial Watch, Inc.*, 20 F.4th at 54–57. Direct inspection will allow the Court to determine what the withheld pages actually contain.

*Third*, the visible portions of the documents indicate that at least some of the withheld material may record, approve, or communicate final agency action. The April 16 memorandum expressly sought the OMB Director's approval of the USAID closeout Congressional Notification. *See* Ex. B at AR 558–560. The memorandum's final page recommends approval and contains the Director's approval. *See id.* at AR 560. The privilege cannot protect final approval, operative conditions, or reasoning that the decisionmaker adopted merely because those matters appear in a document that began as a recommendation. *See U.S. Fish & Wildlife*

6

*Serv.*, 592 U.S. at 268–72. Nor can the privilege be invoked for factual background information, or subsidiary decisions that had already been made as relevant to the approval memorandum. In camera review is necessary to distinguish any protected deliberation from these other categories of non-protected information.

The case for review of "Tab 2 – Notwithstanding and Authorities Cheat Sheet," which is attached to the Congressional Notification, is equally clear. Ex. B at AR 564. The Congressional Notification states USAID's final plan to obligate specified funds for closeout costs, and it lists specific "notwithstanding authority" that purportedly authorizes the use of the designated funds for this purpose. Ex B. at AR 561. The "Cheat Sheet" seemingly provides information regarding Defendants' assessments or legal conclusions regarding these authorities, or how Defendants had decided to apply the authorities to various funds. Notably, Defendants have not invoked attorney-client privilege to protect this information. And the fact that it was flagged as "INTERNAL REFERENCE ONLY – REMOVE BEFORE TRANSMISSION" establishes only that the attachment was not intended to be transmitted to Congress. It does not establish that the attachment contained predecisional and deliberative information. Finality turns on the document's function, not its intended audience. *See Sierra Club*, 592 U.S. at 268–72. Because the ten pages have been redacted entirely, only inspection can determine their function.

The second tranche of the supplemental record also bears indicia that the redacted material may not be privileged. This tranche includes several documents that appear to have been transmitted to Congress, meaning documents cannot fall under the deliberative process privilege as a matter of law. *See, e.g.*, Ex. C at AR 1313–1328; 1422–1436; *see Am. Oversight v. HHS*, 101 F.4th 909, 912 (D.C. Cir. 2024). For example, AR 1313–1328 is a congressional notification that the State Department intends to obligate Global Health Programs funds to "advance the America

First Global Health Strategy," including a new "Faith and Communities Initiative." This document appears to have been transmitted to Congress, and yet Defendants redacted the entire first page of the notification. AR 1316.

Similarly, this tranche includes pages of decision memoranda that appear to have been approved, suggesting they are neither deliberative or predecisional. Ex. C at AR 865–66, 1207, 1394–99. And the context in which the redactions appear suggests that they may contain the very reasoning on which Defendants relied to take the relevant actions. For example, one action memo recommends that the State Department deviate from certain amounts listed in the tables accompanying the 2024 Appropriations Act, but Defendants have appeared to have redacted several lines explaining the justification for that deviation. *See* Ex. C at AR 865–66.

*Finally*, in camera review imposes minimal burden, preserves the confidentiality of any genuinely privileged material, and permits the Court to resolve the dispute based on the documents themselves rather than incomplete descriptions and conjecture. The Court should order Defendants promptly to lodge the disputed pages *ex parte* and under seal and, after review, to produce any final, operative, adopted, or otherwise nonprivileged portions.

### B. The Court Should Order Defendants to Unredact Portions of Documents that They Unilaterally Deemed Nonresponsive.

Defendants may not redact portions of documents included in the administrative record merely because they now deem those portions "nonresponsive" to Plaintiffs' claims. Section 706 requires review of the "whole record," and, absent mutual agreement after both parties have reviewed the complete record, the agency may not unilaterally select which portions Plaintiffs and the Court may see. *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792–93 (D.C. Cir. 1984). Material that was directly or indirectly considered by the decisionmaker must be

8

included unless the parties agree otherwise. *Pub. Emps. for Env't Resp. v. Beaudreau*, No. 10-1067, 2012 WL 12942599, at *7–8 (D.D.C. Nov. 9, 2012).

Here, the parties expressly agreed that Defendants would produce the specified approval memoranda and their attachments, "except for any tabs or portions of tabs that are privileged." Joint Status Report at 2–3 (ECF No. 190); *see also id.* at 4 ("Defendants will not include in the administrative record documents or materials protected from disclosure by applicable privileges, including but not limited to deliberative process, attorney-client, attorney work product, or any other applicable privilege."). Plaintiffs did not agree to "nonresponsive" redactions and expressly preserved their right to the complete administrative record. *Id.* at 3–4. The Court should therefore order those redactions removed.

## CONCLUSION

The Court should grant the motion and order Defendants to lodge unredacted copies of AR 558–60, 567–576, 865–867, 895–898, 1207, 1313–1328, 1394–1399, and 1422–1436 with the Court *ex parte* and under seal for in camera review. The Court should also order Defendants to remove all redactions made on the ground that the material is "nonresponsive."

Dated: July 17, 2026

Respectfully submitted,

*/s/ Stephen K. Wirth*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
Nina C. Cahill (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com