**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

GLOBAL HEALTH COUNCIL, *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

      *Defendants*.

Civil Action No. 25-cv-402 (AHA)

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO MODIFY BRIEFING SCHEDULE**

Plaintiffs respectfully oppose Defendants' motion to modify the briefing schedule. The existing schedule preserves the limited time remaining for the Court to decide the parties' claims, for either side to seek emergency appellate review, and for Defendants to implement any relief before the appropriations at issue expire on September 30, 2026. The schedule has already been extended several times to accommodate Defendants' belated completion of the administrative record. And Defendants have shown no good cause to discard the schedule they jointly proposed only two weeks ago. The motion should be denied.

Extending the existing schedule by ten to fourteen days, as Defendants propose, would materially reduce the time available for adjudication, appellate review, and implementation of any relief. Defendants' emphasis on the number and complexity of the issues therefore counsels in favor of maintaining the existing schedule. Mot. ¶ 3. The more complex the issues, the more time the Court will need after briefing concludes to review the record and decide the parties' claims. Defendants' proposal would take that time away from the Court, the appellate process, and the agencies that would need to implement any order.

The existing schedule already reflects two extensions necessitated by Defendants' failure to timely produce the complete administrative record. The Court initially ordered Defendants to produce the record by June 26 and set July 13 for summary-judgment motions, July 23 for responses, and July 28 for replies. *See* 6/12/2026 Minute Order. Defendants' June 26 production consisted of only 12 documents and 420 pages and omitted basic categories of contemporaneous materials relevant to the challenged funding decisions. Plaintiffs therefore moved to complete and supplement the record. ECF No. 187. The Court granted that motion in part, directed Defendants to complete and supplement the record, and granted Defendants' request to extend the summary-judgment deadline from July 13 to July 16. *See* 7/3/2026 Minute Order.

1

When Defendants later stated that they needed until July 23 to produce additional portions of the record, the parties negotiated and jointly proposed another extension—to July 27 for cross-motions and August 3 for oppositions. ECF No. 190 at 1–3. The Court adopted that schedule. 7/9/2026 Minute Order. The existing schedule thus has already moved back multiple times to accommodate Defendants' completion of the record. The burdens of that production were known when Defendants jointly proposed the schedule they now characterize as unduly rushed.

Defendants' reliance on the time spent addressing issues disputes over the contents of the administrative record is unpersuasive. Mot. ¶ 4. Those disputes arose from Defendants' own record production, including the omissions that led the Court to order additional productions and Defendants' extensive redactions of the documents they later produced. As for the redaction dispute, that does not justify another extension either. *Contra* Mot. ¶ 4. The Court ordered Defendants to lodge the relevant documents and defend their redactions by July 21, and Defendants did so. Nothing further is currently required of Defendants on that dispute. More fundamentally, Defendants' proposal leaves Plaintiffs' July 27 deadline unchanged. It therefore does nothing to assist the party that lacks the unredacted documents; it merely gives Defendants, who possess them, additional time after reviewing Plaintiffs' motion.

Finally, the proceedings in *National Center for Learning Disabilities v. OMB*, No. 26-cv-13019-ADB (D. Mass.), have no bearing here. That is a different case, involving different parties, different appropriations, and different legal claims. Whereas this case has been pending for years, that case was filed only on July 7, 2026, and it concerns a far smaller amount and range of appropriations, and a narrower set of claims and facts. *See* ECF No. 29 at 8, No. 26-cv-13019 (D. Mass. July 7, 2026). Proceedings in the District of Massachusetts in a case

about education research funding are wholly irrelevant to the appropriate schedule in *this* case. They certainly do not justify discarding the schedule the parties agreed to and this Court approved.

The Court should deny Defendants' motion and retain the existing briefing schedule.

Dated: July 23, 2026                                         Respectfully submitted,

                                                 */s/ Stephen K. Wirth*
                                                 Daniel F. Jacobson (D.C. Bar # 1016621)
                                                 Stephen K. Wirth (D.C. Bar # 1034038)
                                                 John Robinson (D.C. Bar # 1044072)
                                                 Brian C. Rosen-Shaud (D.C. Bar # 90042065)
                                                 Nina Cahill (D.C. Bar # 1735989)
                                                 JACOBSON LAWYERS GROUP PLLC
                                                 1629 K Street NW, Suite 300
                                                 Washington, DC 20006
                                                 Tel: (301) 823-1148
                                                 dan@jacobsonlawyersgroup.com

                                                 *Counsel for Plaintiffs*