**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GLOBAL HEALTH COUNCIL, *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

      *Defendants*.

Civil Action No. 25-cv-402 (AHA)

**[Proposed] Order**

Upon consideration of Plaintiffs' Motion for Partial Summary Judgment, the parties' submissions, the administrative record, and the entire record in this case, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**; and it is further

**ORDERED** that, for purposes of this Order, the "Covered Appropriations" are foreign-assistance appropriations under titles III and IV of the annual Department of State, Foreign Operations, and Related Programs Appropriations (SFOPS) Acts that expire on September 30, 2026, and for which Plaintiffs compete for funds as established in Exhibit E to Plaintiffs' motion. The Covered Appropriations include, but are not limited to, the relevant appropriations that Congress appropriated under titles III and IV of the SFOPS Act of 2024, as carried forward by the Full-Year Continuing Appropriations and Extensions Act, 2025; and it is further

**ORDERED** that, for purposes of this Order, "Agency Defendants" means Defendants Rubio, Lewin, and Vought, the Department of State, USAID, and OMB, and excludes President Trump; and it is further

**ORDERED** that Plaintiffs are **GRANTED** partial summary judgment on Counts One through Three insofar as those claims concern the Covered Appropriations, and summary judgment on Count Thirteen; and it is further

**ORDERED**, except as expressly required by Congress and this Order, the Agency Defendants retain their lawful discretion to select recipients and determine how to obligate the Covered Appropriations within the uses and purposes Congress authorized; this Order does not require an award to any particular Plaintiff, member, or other recipient.

### Relief Under 5 U.S.C. § 706(2) and 28 U.S.C. § 2201

It is hereby **ORDERED**, pursuant to 5 U.S.C. § 706(2) and 28 U.S.C. § 2201, that the following final agency actions are **DECLARED** unlawful and **SET ASIDE AND VACATED**:

1. The Agency Defendants' decisions, reflected in the April 20, 2026 Congressional Notification, the Vought approval memo, and the OMB apportionments, to withhold and use expiring Global Health Programs and Development Assistance funds for USAID award closeouts, rather than obligate those funds by September 30, 2026, for the substantive programming purposes specified by Congress in title III of the SFOPS Act;

2. The Agency Defendants' decisions to allocate Global Health Programs and Development Assistance appropriations being withheld or used for USAID award closeouts to table directives made mandatory under Section 7019(a) and bill directives under Sections 7030–7061, and then treat those allocated amounts as satisfying, or reducing the amounts necessary to satisfy, the directives' mandates to obligate minimum or specified amounts for the purposes delineated in each directive; and

3. The Agency Defendants' decisions to allocate appropriations rescinded in the the Rescissions Act of 2025 to particular table directives made mandatory under Section

2

7019(a) and bill directives under Sections 7030–7061, and then treat those allocated amounts as satisfying, or reducing the amounts necessary to satisfy, the directives' mandates to obligate minimum or specified amounts for the purposes delineated in each directive.

It is further **DECLARED** that the Agency Defendants' decision not to obligate, by September 30, 2025, the appropriations included in the President's August 28, 2025 special message violated the appropriations statutes governing those funds and exceeded the Agency Defendants' lawful authority; the submission or pendency of the August 28, 2025 special message did not suspend, supersede, or otherwise eliminate the Agency Defendants' statutory obligation to obligate those funds by the deadline established by Congress.

### Relief Under 5 U.S.C. § 706(1)

It is hereby **ORDERED**, pursuant to 5 U.S.C. § 706(1), that the Agency Defendants shall immediately take all actions necessary to make the Covered Appropriations available for obligation and to obligate those appropriations, as soon as practicable and no later than September 30, 2026, for the purposes specified by Congress; and it is further

**ORDERED** that the Agency Defendants shall obligate any currently unobligated, expiring Global Health Programs and Development Assistance funds for the substantive programming purposes specified in those appropriations, and not for paying closeout costs for terminated USAID awards, unless no other appropriation could be used to pay those closeout costs and the paid closeout costs are properly chargeable to the expiring Global Health Programs and Development Assistance appropriations; and it is further

**ORDERED** that the Agency Defendants shall obligate the specific or minimum amounts required by the table directives made mandatory under Section 7019(a) and by the bill directives

3

under Sections 7030–7061, except where the Agency Defendants lawfully invoke and comply with an express statutory provision authorizing deviation from a particular requirement, and provided that in determining compliance with those bill and table directives, the Agency Defendants shall not count or allocate amounts rescinded by the Rescissions Act of 2025 toward the amounts that Congress required to be made available.

### Permanent Injunctive Relief

Because Plaintiffs have established that they and their members have suffered and will continue to suffer irreparable harm absent permanent injunctive relief; that remedies available at law are inadequate; that the balance of hardships favors Plaintiffs; and that a permanent injunction serves the public interest, it is

**ORDERED** that Defendants Rubio, Lewin, and Vought; the Department of State; USAID; OMB; and their officers, agents, servants, employees, attorneys, successors in office, and all other persons in active concert or participation with them who receive actual notice of this Order are **PERMANENTLY ENJOINED** from:

1. Failing to make available and obligate any Covered Appropriations by September 30, 2026, for the purposes specified by Congress;

2. Obligating Global Health Programs or Development Assistance funds for closeout costs except where no other appropriation could be used to pay the closeout costs and those costs are properly chargeable to the to the expiring Global Health Programs and Development Assistance appropriations under 31 U.S.C. § 1301(a) and other applicable laws;

4

3.      Treating amounts rescinded by the Rescissions Act of 2025 as satisfying, or as reducing the amounts necessary to satisfy, the table directives made mandatory by Section 7019(a) or the directives in Sections 7030–7061;

4.      Failing to make available and obligate the specific or minimum amounts required by Section 7019(a) and Sections 7030–7061, except pursuant to express statutory authority permitting a deviation and upon compliance with all requirements imposed by that authority; and

5.      Newly obligating Covered Appropriations, or maintaining existing obligations through September 30, 2026, and thereafter deobligating those funds for the purpose of accomplishing the withholding or impoundment prohibited by this Order.

### Compliance

It is hereby **ORDERED** that, within three business days after entry of this Order, OMB shall revise any apportionments inconsistent with this Order so that all Covered Appropriations are available for timely obligation in accordance with law; and it is further

**ORDERED** that, within fourteen days after entry of this Order, the Agency Defendants shall file a plan identifying for complying with the Court's order, which shall include but not be limited to providing, for each Covered Appropriation:

1.      The total amount unobligated amount remaining;

2.      The amount obligated as of the date of the filing.

3.      The amounts and nature of any obligations of expiring Global Health Programs and Development Assistance appropriations for a purpose related to paying closeout costs on terminated USAID awards;

4.      The detailed manner in which the Agency Defendants will comply with

the applicable requirements of section 7019(a) and sections 7030 through 7061, where such report may take the form similar to a 653(a) report; and it is further

**ORDERED** that the Agency Defendants shall file a status report every seven days thereafter, and a final certification no later than October 2, 2026, describing their compliance with this Order; the final certification shall identify any amount that the Agency Defendants contend could not be obligated by September 30, 2026, the specific reason it was not obligated; and it is further

**ORDERED** that the Court retains jurisdiction to supervise and enforce compliance with this Order.

Nothing in this Order prejudices Plaintiffs from seeking, and the Court retains jurisdiction to consider, an equitable extension of the period of availability for any Covered Appropriation that remains unobligated after September 30, 2026, because of noncompliance with this Order.

This Order does not adjudicate the remaining portions of Counts One through Five or Counts Six through Twelve and Fifteen through Eighteen, which remain pending.

It is **SO ORDERED.**

_____
AMIR H. ALI
UNITED STATES DISTRICT JUDGE