**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of today's decision in *National Center for Learning Disabilities, Inc. (NCLD) v. OMB*, No. 26-cv-13019-ADB (D. Mass. Sept. 17, 2026), ECF No. 69 (attached), concerning expiring Department of Education funds. Two aspects of that case bear directly on the pending summary-judgment motions here.

First, the court rejected the government's argument that the Impoundment Control Act (ICA) precludes APA claims seeking to enforce separate statutory spending requirements. Slip op. 23–24. Consistent with Plaintiffs' arguments here, the court relied on the ICA's express preservation of the "claims of any party" in "litigation concerning any impoundment," 2 U.S.C. § 681(3), and held that *Global Health Council* and *AVAC* addressed claims to enforce the ICA itself or appropriations subject to an ICA special message—not APA claims seeking to enforce separate statutory requirements governing funds outside the ICA process. *Id.* The court therefore held that the ICA did not preclude the plaintiffs' APA claims. *Id.* These are the same distinctions Plaintiffs draw in their summary-judgment briefing. *See* Dkt. 206 at 7-14.

Second, the court addressed a § 706(1) claim alleging unreasonable delay in obligating

funds that expire on September 30, 2026. Although the court deferred ruling on that claim based on the defendants' representations that they will obligate the funds before the deadline, the court required the agency to provide an update by September 28 on whether all expiring funds had been obligated. *Id.* at 44–45. The court stated that, if the funds have *not* been obligated by then—notwithstanding the agency's representations that they will be—the court may enter injunctive relief compelling obligation of the funds. *Id.* In this regard, the court cited the authority that Plaintiffs here previously cited to this Court, under which courts may preserve expiring appropriations by suspending the lapse of budget authority while litigation remains pending. *Id.* at 45 n.12 (citing *City of Houston v. HUD*, 24 F.3d 1421, 1427 (D.C. Cir. 1994); *Goodluck v. Biden*, 104 F.4th 920, 927 (D.C. Cir. 2024); 31 U.S.C. § 1502(b)).

Plaintiffs respectfully submit that, given the fast-approaching September 30 deadline to obligate foreign aid funds, a similar approach to that taken in *NCLD* may be warranted here. *See* Dkt. 202-34 (Plaintiffs' proposed order that "[n]othing in this Order prejudices Plaintiffs from seeking, and the Court retains jurisdiction to consider, an equitable extension of the period of availability for any Covered Appropriation that remains unobligated after September 30, 2026, because of noncompliance with this Order.").

Dated: September 17, 2026

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
Brian C. Rosen-Shaud (D.C. Bar 90042065)
Nina C. Cahill (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com