**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 1:25-cv-402 (AHA) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully respond to Plaintiffs' Notice of Supplemental Authority, ECF No. 216. Plaintiffs notified this Court of a decision in *National Center for Learning Disabilities, Inc. v. OMB*, ("*NCLD*") No. 26-cv-13019-ADB (D. Mass. Sept. 17, 2026).[1]

*First*, the Massachusetts court's holding on *NCLD*'s ICA claim is foreclosed here. The D.C. Circuit has already held that although the ICA contains a disclaimer that "nothing in it 'shall be construed' as 'affecting in any way the claims or defenses of any party to litigation concerning any impoundment[,]'" 2 U.S.C. § 681(3), that the language "does not mean that any aggrieved party may initiate litigation to enforce the ICA itself." *Glob. Health Council v. Trump*, 153 F.4th 1, 19 (D.C. Cir. 2025) (citing *Pub. Citizen v. Stockman*, 528 F. Supp. 824, 828 (D.D.C. 1981). "Instead, the language disclaims any effect on the claims or defenses of any party *that may bring litigation*." *Id*. (emphasis in the original). Further, "Section 681(3) also meant that a case then-pending before the Supreme Court at the time that the ICA became law was not moot" which "simply confirms that the ICA had no retroactive effect." *Id*. Per D.C. Circuit precedent, the grantees in this very case have no cause of

[1] Further, Defendants reserve their right to appeal the Court's determination in *NCLD*.

action to support their claims alleging violations of the ICA.

*Second*, the Massachusetts court's decision is distinguishable for another reason. That court observed that the D.C. Circuit and Supreme Court opinions were limited to enforcing the ICA itself, not appropriations acts. Here, however, even though Plaintiffs have dropped all explicit references to the ICA, given Plaintiffs' pleadings and the extensive procedural history—during which they repeatedly asserted express ICA claims—it would strain credulity to suggest that Plaintiffs are not attempting to enforce, in both substance and form, a claim arising under the ICA. As stated in our Motion for Summary Judgement Opposition brief, ECF No. 205, Plaintiffs stripped their Third Amended Complaint of any mention of the ICA in order to bypass the D.C. Circuit's (and Supreme Court's) opinion. *Id*. at 5-6. But their claims asserted and relief sought have not changed. *Id*. A claim's character is determined by the rights asserted and relief sought, not by Plaintiffs' attempts to attach a new label. *See* ECF No. 205 at 5; *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967-68 (D.C. Cir. 1982) ("The classification of a particular action . . . depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought"); *see also Kidwell v. Dep't of Army, Bd. for Correc. of Mil. Recs.*, 56 F.3d 279, 284 (D.C. Cir. 1995) (stating that the Tucker Act "cannot be avoided by . . . disguising a money claim as a claim requesting a form of equitable relief" and that to "enforce this prohibition on the creative drafting of complaints, we look to the complaint's substance, not merely its form." (citation omitted)). If this "classification of a particular action" is not one arising out of the Impoundment Control Act, then it is hard to conceive what other statutory authority could possibly apply.

*Finally*, *NCLD* was not a complete victory for those plaintiffs (represented by the same counsel as Plaintiffs here). Plaintiffs' notice omits that the court in *NCLD* ruled in Defendants' favor on the *TRAC* factors concerning undue delay. The court stated that the factors "weigh[ed] in favor of Defendants, due in large part to the weight given to the first factor and the facts that Defendants have a clear deadline by which they need to obligate the funds, that deadline has not yet passed, and they have stated that they intend to obligate all funds before deadline." *Id*. at 44. The same is true here as "Defendants intend to obligate the expiring Global Health Program and Development Assistance

funds." Opposition at 2.

Dated: September 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Pierce J. Anon*
PIERCE J. ANON
JOSHUA N. SCHOPF
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-7573
Email: pierce.anon@usdoj.gov

*Counsel for Defendants*