**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL HEALTH COUNCIL, *et al.*,<br>*Plaintiffs*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT**

Plaintiffs respectfully file this brief response to Defendants' September 25, 2026 Status Report and accompanying declarations (ECF No. 219), in advance of the September 28 hearing. Defendants' filing provides information concerning the appropriations that expire on September 30, but it fails to answer (or raises) several critical factual questions that bear directly on the issues pending before the Court. Plaintiffs believe those questions can and should be addressed at the hearing.

*First*, neither Defendants' status report nor the attached declarations answer the Court's fourth requested category of information: "the amount for which there is no current, concrete plan to obligate by September 30, 2026." 9/23/2026 Minute Order. The Court directed Defendants to report and distinguish between amounts "currently in the process to be obligated" and amounts "for which there is no current, concrete plan to obligate" by the deadline. *Id.* Defendants report the former but not the latter. Nor does Defendants' designation of funds as "in process" answer the omitted question: funds may be moving through preliminary steps toward obligation without there being a current, concrete plan to obligate them by September 30.

Moreover, as to the approximately $4.05 billion that Exhibit C reports as "In Process to Be Obligated," the accompanying footnote explains that this category includes not only funds in committed status but "all remaining 25/26 available balances," Ex. C at 2 n.4. That raises the question whether Defendants are simply lumping all remaining funds into this category. Indeed, the State Department declarant "[r]eserv[es] the possibility" that tens of millions of dollars in expiring funds may not be timely obligated, and commits only that "State expects to be able to obligate *substantially all* of the remaining foreign assistance funds before they expire on September 30, 2026. 9/25/2026 Peterson Decl. ¶ 6 (emphasis added).

If the State Department had a "concrete plan" to obligate all remaining expiring funds within the next three business days, there would be no need to hedge in this manner. The State Department declaration indeed reports that $3.4 billion has not reached the "commitment" status, which the agency describes as the final step before legal obligation. *Id.* ¶ 13. At a minimum, Defendants' hedging and failure to provide one of the categories of information that the Court ordered be provided warrants further inquiry and clarification.

*Second*, Defendants' filing does not explain the nature of the obligations that have been made to date, including the obligations that OMB reports (on behalf USAID) as having been made from the Global Health Programs (GHP) and Development Assistance (DA) appropriations as part of the closeout scheme. OMB states that USAID has now obligated approximately $1.35 billion in GHP funds and $1.17 billion in DA funds "consistent with the Congressional Notification," and that none of those amounts remains unobligated. 9/25/2026 Schmitt Decl. ¶¶ 7–11. But OMB does not identify the obligees, the obligating instruments, or the closeout liabilities to which the funds are tied, if any. It is Plaintiffs' understanding that Defendants have obligated many—if not all—of these funds via internal accounting mechanisms, meaning the

funds have not been obligated to specific terminated awardees to pay specific closeout costs. But Plaintiffs do not know the details of these transactions.

These obligations nonetheless confirm that Defendants have decided *not* to obligate the GHP and DA funds for the purposes Congress required in title III, and they have decided *not* to comply with the directives in Section 7019(a) and Sections 7030–7061, as they allocated the GHP and DA appropriations that they reserved for closeout costs to GHP and DA directives they disfavor for policy reasons. Moreover, Defendants have given no indication that they changed course from their decision to unlawfully allocate funds rescinded in the 2025 Rescissions Act to table and bill directives that they disfavor, so as to not comply with the directives.

As this Court is aware, for some title III and title IV appropriations in the SFOPS Act, where the funds are initially obligated during their original period of availability, Section 7011 extends their availability for obligation for an additional four years, during which time the funds may be de-obligated and re-obligated toward other purposes. *See* Pls.' Opp. to Defs.' Mot. for Summ. J. 18–19, Dkt. No. 206. Specifically,

> funds appropriated for the purposes of chapters 1 and 8 of part I, section 661, chapters 4, 5, 6, 8, and 9 of part II of the Foreign Assistance Act of 1961, section 23 of the Arms Export Control Act (22 U.S.C. 2763), and funds made available for 'United States International Development Finance Corporation' and under the heading 'Assistance for Europe, Eurasia and Central Asia' shall remain available for an additional 4 years from the date on which the availability of such funds would otherwise have expired, if such funds are initially obligated before the expiration of their respective periods of availability contained in this Act.

Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, div. F, § 7011, 138 Stat. 460, 763–64; Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, div. A, §§ 1101(a)(11), 1103, 1105, 139 Stat. 9, 10–12.

Plaintiffs' understanding is that all expiring title III and title IV appropriations specified in the Court's 9/23/2026 Minute Order fall under the terms of Section 7011, because they are

appropriated for the purposes of the chapters and Acts, or under the headings, specified in Section 7011. If true, obligated funds from these appropriations may be de-obligated and re-obligated for their proper purposes after September 30, 2026. Defendants should be required to confirm at the status conference that they share this view.

If Defendants assert that any of the appropriations do not fall under Section 7011, and the Court accepts Defendants' basis for that assertion, the Court should order Defendants to obligate any such funds for their proper purposes—including to meet the mandatory directive as legally required—by September 30, 2026. If Defendants are unable or unwilling to obligate the funds for their proper purposes by that date, notwithstanding the Court's order, the Court should then suspend the lapse in appropriations under the authorities the Court cited in its September 25 decision denying in part the motion to dismiss.

For any funds that are currently un-obligated but would fall under Section 7011 if obligated by September 30, 2026, the Court should order Defendants to obligate the funds by any means necessary by that date, including if necessary via an interagency agreement, just like USAID and the State Department did on September 30 of last year.

For funds that are currently obligated and will fall under Section 7011 after September 30, 2026, immediate relief prior to September 30 may not be necessary, but relief for Defendants' violations of the Purpose Act and the mandatory directives remains time-sensitive. Many of these funds—such as the expiring GHP and DA funds that are part of the closeout scheme—are obligated but not yet to specific entities. For such funds, de-obligating and re-obligating the funds for their proper purposes would not be difficult. But it will become more complicated once the money is obligated to specific entities. And it would be that much more complicated once the funds are actually disbursed. Plaintiffs respectfully submit that inquiry

should be made at the hearing into what obligations have now been made to specific entities compared to those not committed to specific entities, and when subsequent obligations and disbursements of the funds may occur, which would inform the time-sensitivity and precise relief that may be necessary as to funds falling into this category.

In sum, Defendants should clarify these matters at the September 28 hearing and provide the Court with updated information concerning the amounts that have been obligated since the dates reflected in their filing.

Dated: September 27, 2026

Respectfully submitted,

*/s/ Stephen K. Wirth*
Daniel F. Jacobson (D.C. Bar 1016621)
Stephen K. Wirth (D.C. Bar 1034038)
John Robinson (D.C. Bar 1044072)
Brian C. Rosen-Shaud (D.C. Bar 90042065)
Nina C. Cahill (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
stephen@jacobsonlawyersgroup.com